857 So.2d 353 (2003)
Jose Manuel PEREZ, Appellant,
v.
Elaine Soffer SIEGEL, Appellee.
No. 3D03-1220.
District Court of Appeal of Florida, Third District.
October 22, 2003.
Gil R. Izquierdo, for appellant.
Elaine Soffer Siegel, in proper person.
Before GREEN, FLETCHER, and WELLS, JJ.
GREEN, J.
On this appeal, Jose Manuel Perez asserts that the trial court erroneously issued a temporary injunction for protection against repeat violence pursuant to section 784.046, Florida Statutes (2002),[1] where *354 neither the petition nor the proof supported two incidents of violence as required under the statute. We agree and reverse.
Perez and Elaine Soffer Siegel reside in the same condominium complex but apparently do not get along. Siegel is president of the condominium association and filed a sworn petition for an injunction against repeat violence based upon the following incidents:
1. On February 28, 2003, Siegel was in the condominium office when Perez telephoned her and yelled at her. Siegel told Perez that she did not have to speak to him and hung up. Shortly afterwards, Perez arrived at the office and banged on the office counter and again screamed at Siegel. Siegel asked him to lower his voice or the police would be called. Perez left.
2. On March 6, 2003, Perez encouraged a neighbor who had lost the keys to her condo to knock on Siegel's door at 11:30 p.m. for assistance. Siegel saw this as harassment on the part of Perez and she and her husband went to Perez's apartment to ask him to leave them alone. Perez became angry and threatened to kill them. The Siegels returned to their apartment and filed a police report.
Based upon these averments, the trial court issued an ex parte temporary injunction and thereafter conducted an adversarial hearing. Prior to the hearing, Perez filed a motion to dismiss the petition and the temporary injunction due to Siegel's failure to aver two separate incidents of violence as required under section 784.046(1)(b) and (2). That motion was denied. At the conclusion of the hearing, the lower court declined to enter a permanent injunction but issued a five and a half month temporary injunction. This appeal followed.
An injunction against repeat violence must be based upon two separate incidents of violence pursuant to section 784.046(1)(b) and (2), Florida Statutes. Taking Siegel's averments in the petition and her testimony adduced at the adversarial hearing below to be true, we conclude that they are wholly insufficient to qualify as two separate incidents of violence. Among the categories of violence listed in the statute (i.e., "assault, aggravated assault, battery, aggravated battery, sexual assault, sexual battery, stalking, aggravated stalking, kidnaping, or false imprisonment, or any criminal offense resulting in physical injury or death."), "assault" is the only category which could, by any stretch of the imagination, apply to Perez's action.[2] "Assault" is defined as "an intentional, unlawful threat by word or act to do violence to the person of another, coupled with an apparent ability to do so, and doing some act which creates a well-founded fear in such other person that such violence is imminent." § 784.011(1), Fla. Stat. (2002).
*355 In the February 28th incident, Perez merely raised his voice at Siegel, both over the phone and later in person at the office, and banged on the counter. This, without more, does not qualify as an assault or any of the other categories of violence listed under the statute. As for the March 6th incident, although Perez did allegedly threaten to kill Siegel and her family during their face to face confrontation, Siegel never alleged nor proved that at the time Perez had the apparent ability to do so and committed any overt act that created a well-founded fear that violence against them was imminent. For that reason, this incident similarly cannot qualify as an assault under the statute. See Johnson v. Brooks, 567 So.2d 34, 35 (Fla. 1st DCA 1990) ("A person's mere intention to commit an assault is not enough; there must be some overt act sufficient to demonstrate a threat directed at the person placed in fear.").
In the absence of two separate qualifying instances of violence as defined in section 784.046(1)(a), we conclude that the trial court erred in granting the temporary injunction. Accordingly, we reverse and vacate the same.
Reversed.
NOTES
[1] The statute states, in pertinent part:

(1) As used in this section, the term:
(a) "Violence" means any assault, aggravated assault, battery, aggravated battery, sexual assault, sexual battery, stalking, aggravated stalking, kidnapping, or false imprisonment, or any criminal offense resulting in physical injury or death, by a person against any other person.
(b) "Repeat violence" means two incidents of violence or stalking committed by the respondent, one of which must have been within 6 months of the filing of the petition, which are directed against the petitioner or the petitioner's immediate family member.
* * *
(2) There is created a cause of action for an injunction for protection in cases of repeat violence....
§ 784.046, Fla. Stat. (2002).
[2] Siegel uses the word "aggression" (a word which does not appear in section 784.046) in her brief, but it appears that she means "assault." She states,

[an] aggression can be caused by someone threatening an individual by indicating that they will do some type of physical harm such as "I am going to kill you". This threat can be just verbally or it can be done by an act and the person who is making the threat does something that convinces the person being threaten [sic] that the person is capable of causing physical violence, you must be sure that the violence may occur.
Br. for Appellee at 1.