GROSS, J.
Anthony Delopa appeals a final judgment of injunction for protection against repeat violence entered under section 784.046, Florida Statutes (2002). We reverse because neither the testimony at the extension hearing nor the sworn petition for injunction for protection demonstrated two incidents of violence that are necessary to constitute “repeat violence” under the statute.
Based on appellee David Cohen’s sworn petition, the circuit court entered a temporary injunction for protection against repeat violence. The temporary injunction set an extension hearing on August 7, 2003. Both Cohen and Delopa appeared and testified at the extension hearing.
Section 784.046(2) creates a cause of action for an injunction for protection in “cases of repeat violence.” The statute defines “repeat violence” as “two incidents of violence or stalking committed by the respondent, one of which must have been within 6 months of the filing of the petition, which are directed against the petitioner or the petitioner’s immediate family member.” § 784.046(l)(b). The two incidents of violence must be supported by competent substantial evidence. See Ravitch v. Whelan, 851 So.2d 271, 273 (Fla. 5th DCA 2003). The definition of “violence” is “any assault, aggravated assault, battery, aggravated battery, sexual assault, sexual battery, stalking, aggravated stalking, kidnapping, or false imprisonment, or any criminal offense resulting in physical injury or death, by a person against any other person.” § 784.046(l)(a).
At the injunction hearing, Cohen’s testimony did not establish “repeat violence” within the meaning of the statute. Cohen described one incident which involved no physical violence and, in the light most favorable to him, constituted an assault. Cohen generally mentioned receiving “threatening phone calls” after filing the petition, but he did not specify the caller or their contents. The petition alluded to an incident involving Cohen’s ex-girlfriend; however she is not an “immediate family member” within the meaning of the statute. Similarly, the petition’s vague reference to threats over the phone did not amount to a “course of conduct” sufficient to constitute stalking. See § 784.048(l)(b), Fla. Stat. (2002). No testimony at the extension hearing amplified these nebulous allegations of the petition.
Because the evidence did not establish “repeat violence,” the final judgment of injunction for protection against repeat violence is reversed. See Buerster v. Fermin, 844 So.2d 804, 805 (Fla. 4th DCA 2003) (reversing final judgment for injunction where the petitioner’s own testimony demonstrated that only one act of violence, if any, occurred); Orr v. Koutsogiannis, 829 So.2d 962 (Fla. 4th DCA 2002) (holding that the evidence only supported one instance of violence; subsequent threats which were not taken seriously by petitioner did not amount to violence under section 784.046); Gianni v. Kerrigan, 836 So.2d 1106, 1107 (Fla. 2d DCA 2003) (finding that phone calls did not qualify as acts of violence when the petitioner testified that he was not put in fear by the calls).
REVERSED.
WARNER and KLEIN, JJ., concur.