886 So.2d 321 (2004)
Donald J. GAGNARD, Jr., Appellant,
v.
Stephen STICHT, Appellee.
Nos. 4D03-1448, 4D03-1695.
District Court of Appeal of Florida, Fourth District.
November 10, 2004.
Susan R. Brown of Susan R. Brown, P.A., Hollywood, for appellant.
*322 Stephen Sticht, Fort Lauderdale, pro se.
PER CURIAM.
Stephen Sticht, the appellee, obtained a final judgment of injunction for protection against repeat violence against appellant, Donald Gagnard, Jr. In this consolidated appeal, Gagnard challenges the injunction that Sticht obtained against him and a subsequent order dismissing his later-filed petition for an injunction to protect him from Sticht. We affirm in part and reverse in part.
We reverse the final judgment of injunction for protection against repeat violence entered against Gagnard. Although Gagnard's argumentative behavior toward the victim in two separate instances was extremely uncivil and threatening in tone, it fell short of meeting the legal requirement of repeat "violence." See § 784.046(1)(a), Fla. Stat. (2003) (defining "violence" to include an "assault"). An "assault" is defined as "an intentional, unlawful threat by word or act to do violence to the person of another, coupled with an apparent ability to do so, and doing some act which creates a well-founded fear in such other person that such violence is imminent." § 784.011(1), Fla. Stat. (2003). In the instant case, in two separate arguments, Gagnard threatened to kill Sticht and to "`F' him up." Yet, there was no evidence that Gagnard made any overt acts indicating an ability to carry out the threats or justifying a belief in Sticht that violence was imminent. See Johnson v. Brooks, 567 So.2d 34, 35 (Fla. 1st DCA 1990) (stating that "[a] person's mere intention to commit an assault is not enough; there must be some overt act sufficient to demonstrate a threat directed at the person placed in fear").
We have examined Gagnard's claim that the trial court erred in dismissing his petition for an injunction against repeat violence against Sticht, but we find no error. Accordingly, the consolidated appeals on review are affirmed in part and reversed in part.
AFFIRMED in part and REVERSED in part.
KLEIN, STEVENSON and SHAHOOD, JJ., concur.