917 So.2d 909 (2005)
Alejandro SANTIAGO, Jr., Appellant,
v.
Kelly TOWLE, Appellee.
No. 5D05-151.
District Court of Appeal of Florida, Fifth District.
December 2, 2005.
Rehearing Denied January 9, 2006.
*910 Elizabeth E. Berenguer, of Elizabeth E. Berenguer, P.A., Orlando, for Appellant.
No Appearance for Appellee.
MONACO, J.
The appellant, Alejandro Santiago, Jr., appeals the granting of a permanent injunction for protection against repeat violence rendered in favor of the appellee, Kelly Towle. Because the record does not support a finding of two incidents of violence or stalking, as required by the applicable statute, we reverse.
Section 784.046, Florida Statutes (2005), grants a victim of repeat violence the right to seek a protective injunction. Violence is defined by the statute as "assault, aggravated assault, battery, aggravated battery, sexual assault, sexual battery, stalking, aggravated stalking, kidnapping, or false imprisonment, or any criminal offense resulting in physical injury or death, by a person against any other person." § 784.046(1)(a), Fla. Stat. (2005). Repeat violence is defined as "two incidents of violence or stalking committed by the respondent, one of which must have been within 6 months of the filing of the petition, which are directed against the petitioner or the petitioner's immediate family member." § 784.046(1)(b), Fla. Stat. (2005).
In order to support an injunction against repeat violence, each purported act of violence must be founded upon competent, substantial evidence. Forrest v. Wilson, 889 So.2d 124 (Fla. 1st DCA 2004). In the present case while there may arguably exist some evidence of one incident of violence against Ms. Towle, there does not appear to be supporting evidence for a second incident.
Mr. Santiago and Ms. Towle are neighbors. Unfortunately, they are involved in an acrimonious civil dispute over a fence. Ms. Towle alleged in her petition three incidences of violence, all apparently growing out of the fence controversy. Only the first incident involved physical contact, however.
The initial incident purportedly occurred prior to the commencement of the civil case. Ms. Towle claimed that Mr. Santiago threw a liquid on her. The nature of the substance is unclear, but it appears to have been harmless because Ms. Towle did not allege or prove any injury from the event. Other than her petition statement, the trial court did not receive any evidence from Ms. Towle to prove this allegation. She suggested that she had three witnesses to the event, but none testified, and no testimony, including testimony from Ms. Towle, concerning the event was proffered at the hearing. Mr. Santiago denied throwing any liquid at or on Ms. Towle.
The second incident asserted by Ms. Towle involved Mr. Santiago pulling up next to her in her car, making an obscene gesture, and shouting obscenities. The sparse evidence adduced, even if believed, indicates that Mr. Santiago did not make any overt act that would have placed Ms. Towle in imminent danger, but rather only *911 shouted and made hand gestures. That is, there was no allegation of reckless or careless driving or the like that might demonstrate that the vehicle was being used violently. Mr. Santiago denied the incident and provided a time card from his place of employment showing that he was at work at the time of the alleged confrontation.
The final assertion of repeat violence arises out of Ms. Towle's claim that a neighbor told her that he was told by Mr. Santiago that he had a gun and was not afraid to use it. Mr. Santiago denied making the statements.
While the first activity alleged by Ms. Towle, that involving the throwing of a liquid, could qualify, if proved, as an incident of violence under the statute, it appears that no evidence to support the claim was offered. The second incident, that involving a hand gesture and obscenities, is simply not an act of violence as defined by the statute. The only possible act prohibited by the statute that might encompass this allegation is an assault. But an assault is "an intentional, unlawful threat by word or act to do violence to the person of another, coupled with an apparent ability to do so, and doing some act which creates a well-founded fear in such other person that such violence is imminent." See § 784.011, Fla. Stat. (2005). Here, there was no allegation of a threat, and there was no substantial evidence submitted that could support that part of the definition of an assault requiring a well-founded fear that violence was imminent. See, e.g., Lifka v. State, 530 So.2d 371 (Fla. 1st DCA 1988). Finally, the incident based on the neighbor's telling Ms. Towle that Mr. Santiago had a gun and was not afraid to use it does not constitute an act of violence, unless there is an overt act indicating an ability to carry out the threat or justifying a belief that violence was imminent. See Gagnard v. Sticht, 886 So.2d 321 (Fla. 4th DCA 2004). See also Long v. Edmundson, 827 So.2d 365 (Fla. 2d DCA 2002); Johnson v. Brooks, 567 So.2d 34 (Fla. 1st DCA 1990).
We, therefore, reverse and remand with instructions to vacate the injunction entered against Mr. Santiago.
REVERSED and REMANDED with instructions.
SAWAYA and PALMER, JJ., concur.