929 So.2d 1092 (2006)
Marcia SORIN, Appellant,
v.
Suzanne C. COLE, Appellee.
No. 4D05-1838.
District Court of Appeal of Florida, Fourth District.
May 3, 2006.
*1093 Julie D. Leckart of Law Office of Andrew F. Rier, P.A., Miami, for appellant.
No appearance for appellee.
SHAHOOD, J.
Appellant, Marcia Sorin (Sorin), seeks review of a Final Judgment of Injunction for Protection Against Repeat Violence entered against her. We reverse.
The issue in this case is whether the trial court erred in issuing a final judgment for protection against repeat violence, pursuant to section 784.046(1)(a) & (b), Florida Statutes (2004), when the petition failed to allege violence and no testimony or evidence of violence or "repeat violence" was presented.
Suzanne Cole (Cole) filed a Petition for Injunction for Protection Against Repeat Violence. In the petition, she asserted that she and her neighbor, Sorin, had had a falling out and that Sorin cursed at Cole and told her that she "would be back for more" and "was not finished" with Cole and her husband. As a result, Cole claimed that Sorin "has mental problems" and that Cole, who has multiple sclerosis, *1094 and her husband, who has had a stroke, "are afraid of bodily harm." A temporary injunction was issued and a hearing scheduled.
Following a hearing, which was attended by Cole and her attorney, but not Sorin and her attorney, the court entered the final judgment of injunction which is the subject of this appeal. The court granted the petition for an injunction against repeat violence for a period of one year. In addition to prohibiting any contact between the parties, the injunction also prohibited the following types of violence by Sorin or any other person on her behalf:
[A]ny acts of violence against Petitioner, including assault, aggravated assault, battery, aggravated battery, sexual assault, sexual battery, stalking, aggravated stalking, kidnapping, or false imprisonment, or any criminal offense resulting in physical injury or death. Respondent shall not commit any other violation of the injunction through an intentional unlawful threat, word or act to do violence to the Petitioner.
Sorin argues that the petition for an injunction was erroneously granted without an evidentiary hearing. Even though she failed to attend the hearing, our review of the record shows there was one. Thus, there is no merit to this argument. She also argues that the petition was deficient pursuant to section 784.046, Florida Statutes, because it did not allege two incidents of violence. This argument has merit.
Section 784.046 creates a cause of action for an injunction for protection against repeat violence. See § 784.046(2), Fla. Stat. (2004). "Violence" and "repeat violence" are defined in the statute as follows:
(a) "Violence" means any assault, aggravated assault, battery, aggravated battery, sexual assault, sexual battery, stalking, aggravated stalking, kidnapping, or false imprisonment, or any criminal offense resulting in physical injury or death, by a person against any other person.
(b) "Repeat violence" means two incidents of violence or stalking committed by the respondent, one of which must have been within 6 months of the filing of the petition, which are directed against the petitioner or the petitioner's immediate family member.
§ 784.046(1)(a) & (b), Fla. Stat. (2004). To support an injunction against repeat violence, each incident of violence must be proven by competent, substantial evidence. See Santiago v. Towle, 917 So.2d 909 (Fla. 5th DCA 2005).
Mere shouting and obscene hand gestures, without an overt act that places the victim in fear, does not constitute the type of violence required for an injunction. Id. at 910-11. Even a representation that the offender owns a gun and is not afraid of using it is insufficient to support an injunction absent an overt act indicating an ability to carry out the threat or justifying a belief that violence is imminent. Id. at 911.
In this case, Cole alleged that Sorin said "f____you and your mother for having you." This is not an assault or any other form of violence contemplated in the statute. The second allegation, that Sorin said, "I am not finished with you and will be back for more," is also not sufficient. While it may have placed Cole and her husband in fear, there was no overt act, ability to carry out the threat, or justifiable threat of imminent harm. See Gagnard v. Sticht, 886 So.2d 321, 322 (Fla. 4th DCA 2004) (holding that one man's threat to "f" up another man and kill him was *1095 insufficient to support an injunction because a mere threat to commit an assault is not enough).
The law requires two acts of violence to justify an injunction against repeat violence. See Delopa v. Cohen, 873 So.2d 530 (Fla. 4th DCA 2004). Because Cole did not allege even one act of violence, as it is defined in the statute, it was error to grant the petition for an injunction.
Reversed.
POLEN and KLEIN, JJ., concur.