935 So.2d 592 (2006)
Barbara TERRELL, Appellant,
v.
Kay THOMPSON, Appellee.
No. 1D05-0976.
District Court of Appeal of Florida, First District.
August 8, 2006.
*593 Christopher T. Wilson, Esquire of the Law Office of Gary Baker, P.A., Callahan, for Appellant.
Kay Thompson, pro se, Appellee.
PER CURIAM.
Barbara Terrell appeals from a Final Judgment of Injunction for Protection Against Repeat Violence entered against her. We reverse because no competent, substantial evidence supports the trial court's ruling.
To enter an injunction for "repeat violence," the trial court must find that there were "two incidents of violence or stalking committed by the respondent." § 784.046(1)(b), Fla. Stat. (2004). "Violence" is defined to include "assault, aggravated assault, battery, aggravated battery, sexual assault, sexual battery, stalking, aggravated stalking, kidnapping, or false imprisonment, or any criminal offense resulting in physical injury or death, by a person against any other person." § 784.046(1)(a), Fla. Stat. (2004). Competent, substantial evidence must support the trial court's findings of two incidents of repeat violence. See Forrest v. Wilson, 889 So.2d 124, 124-25 (Fla. 1st DCA 2004).
We reverse the judgment entering the injunction in the present case because competent, substantial evidence does not support the finding of even a single act of violence (as defined by the statute) perpetrated by the appellant. See Perez v. Siegel, 857 So.2d 353, 354-55 (Fla. 3d DCA 2003) (explaining that verbal threats without an overt act creating a well-founded fear that violence was imminent were insufficient to qualify as assault under the statute).
Reversed.
ERVIN, BENTON, and BROWNING, JJ., concur.