953 So.2d 700 (2007)
Peter CLEMENT, Appellant,
v.
Lanelle ZIEMER, Appellee.
No. 5D06-2501.
District Court of Appeal of Florida, Fifth District.
April 5, 2007.
*701 David G. Hutchison and Vincent J. Tubiana, of Law Offices of David G. Hutchison, Key Largo, for Appellant.
Lanelle Ziemer, St. Cloud, pro se.
PER CURIAM.
Peter Clement appeals the imposition of a final injunction against repeat violence resulting from Lanelle Ziemer's petition. Their dispute revolves around a ten-foot wide easement on Ziemer's property that allows Clement access to a lake. The issue is whether Clement was afforded due process. Finding he was not, we reverse.
Some facts are pertinent to the conduct of the hearing. Ziemer alleged that Clement: cut down trees on the easement; claimed squatter's rights; said she would be sorry if she did not back down; "terrorized" the neighborhood; drove past her home several times; and accused her of stealing his property. In 2003, one of her workers was allegedly hit by Clement. Clement phoned Ziemer and told her she would be sorry and drove like a madman through the property. Moreover, Clement argued with the sheriff's department and screamed obscene names at his wife. During the hearing, Clement's attorney objected to Ziemer's hearsay statements concerning two threats allegedly made to third parties, but his objections were ignored.
The conduct of the hearing was disorganized and one-sided. Ziemer made diverse allegations and spoke at length. When Clement's attorney objected, the objections were spoken through or ignored. When Clement's attorney attempted to respond to Ziemer's allegations, the trial court cut him short:
This is the bottom line.
You can use the easement, but you can only use 10 feet (sic) of it. I don't want you stopping on that easement. I don't want you watching them. I don't want anything. The only thing you're going to use that easement for is back and forth. Nothing else. There's no reason to yell out. There's no reason for any of that and, if I hear it, I'm going to throw you in jail. . . .
If you yell out your window at them, I will consider that a violation of the injunction. If you stop your car and start staring at them or harass them in any manner whatsoever, I will consider that a violation of the injunction. . . . There's going to be no speeding. There's going to be no harassing. There's not going to be anything.
When Clement asked if he could speak, the court responded "[p]robably not," and then warned him: "If you want to, you say it at your own peril." When Clement's attorney mentioned the lack of opportunity to present his case, he was cut off: "You had plenty of opportunity to put on your case. Don't start playing games like that with me." Toward the end of the hearing when Clement's attorney sought clarification *702 on use of the easement, this exchange occurred:
CLEMENT'S ATTORNEY: Okay. That's on the file for the injunction, your honor. On the easement itself, your honor, if we need additional clarification on the easement from the judge who granted the easement
THE COURT: Do you want me to just go ahead and grant a flat injunction with no access to the easement?
CLEMENT'S ATTORNEY: No, your honor.
THE COURT: Then don't argue with me because I can do that, too. I can say he gave up his right to the easement.
Clement argues he was not allowed to present his case and was denied "procedural due process, which required (1) a hearing (2) before an impartial decision-maker, after (3) fair notice of the charges and allegations, (4) with an opportunity to present one's own case." Blaylock v. Zeller, 932 So.2d 479, 480-81 (Fla. 5th DCA 2006). After thorough review of the hearing transcript, we agree. Clement lacked an impartial decision-maker and the opportunity to present his case and is entitled to reversal on that issue alone.
Moreover, this case is controlled by Santiago v. Towle, 917 So.2d 909, 910 (Fla. 5th DCA 2005) which discussed requisites for an injunction from section 784.046, Florida Statutes (2005). Among other things, each of at least two qualifying violent incidents must be proven by competent, substantial evidence. Santiago, 917 So.2d at 910, accord Sorin v. Cole, 929 So.2d 1092, 1094 (Fla. 4th DCA 2006). The allegations in the case before us are insufficient because they do not encompass overt acts justifying a belief that violence was imminent.
Mere shouting and obscene hand gestures, without an overt act that places the victim in fear, does not constitute the type of violence required for an injunction. . . . Even a representation that the offender owns a gun and is not afraid of using it is insufficient to support an injunction absent an overt act indicating an ability to carry out the threat or justifying a belief that violence is imminent.
Sorin, 929 So.2d at 1094 (citing Santiago, 917 So.2d at 910-11). Similarly, Clement's threats that Ziemer would be sorry may have placed her in fear, but, without more, are not qualifying acts of violence. See id. Much like Santiago and its acrimonious dispute over a fence, this is an acrimonious dispute over an easement. Ziemer's allegations, even if believed, do not constitute competent, substantial evidence that two qualifying acts of violence occurred under section 784.046.
Accordingly, we REVERSE and REMAND with instructions to vacate the injunction.
PLEUS, C.J., THOMPSON and SAWAYA, JJ., concur.