PER CURIAM.
 

 Appellant Charles Russell appeals from two final judgments for protection against repeat violence entered against him. We reverse because the judgments are not supported by competent, substantial evidence.
 

 Appellant lives next door to Doughty and Clough, who live together. Doughty and Clough filed separate petitions for in-junctive relief against Appellant. The petitions alleged the same set of facts: On January 26, 2009, Appellant forcefully grabbed Doughty and Clough after an altercation between their dogs; and on February 2, 2009, Appellant repeatedly rang their doorbell and yelled obscenities and threats at them when they opened the door.
 

 Section 784.046, Florida Statutes (2008), creates a cause of action for an injunction in cases of repeat violence. “Repeat violence” is defined as two incidents of violence, one of which must' have occurred within six months of filing a petition for injunction. § 784.046(l)(b), Fla. Stat. “Violence” includes “any assault, aggravated assault, battery, aggravated battery, sexual assault, sexual battery, stalking, aggravated stalking, kidnapping, or false imprisonment, or any criminal offense resulting in physical injury or death, by a person against any other person.” § 784.046(l)(a), Fla. Stat. Competent, substantial evidence must support the trial court’s finding that two incidents of repeat violence occurred.
 
 See Shocki v. Aresty,
 
 994 So.2d 1131, 1132 (Fla. 3d DCA 2008);
 
 Clement v. Ziemer,
 
 953 So.2d 700, 702 (Fla. 5th DCA 2007);
 
 Santiago v. Towle,
 
 917 So.2d 909, 910 (Fla. 5th DCA 2005).
 

 The trial court must find that two incidents of violence occurred.
 
 See Terrell v. Thompson,
 
 935 So.2d 592, 593 (Fla. 1st DCA 2006). Appellant admits that the trial court correctly found that one incident of violence, battery, occurred. Appellant argues, and we agree, that a second incident of repeat violence did not occur. Regarding the alleged second incident, the testimony given at the injunction hearing was that Appellant yelled profanities and threats at Clough and Doughty. There is no indication that Appellant threatened to do violence, or that he took some action that could have created a well-founded fear that violence was imminent.
 
 See
 
 § 784.011(1), Fla. Stat. (2008) (defining assault as “an intentional, unlawful threat by word or act to do violence to the person of another, coupled with an apparent ability to do so, and doing some act which creates a well-founded fear in such other person that such violence is imminent.”). “Mere shouting and obscene hand gestures, without an overt act that places the victim in fear, does not constitute the type of violence required for an injunction.”
 
 Sorin v. Cole,
 
 929 So.2d 1092, 1094 (Fla. 4th DCA 2006);
 
 accord Santiago,
 
 917 So.2d at 911;
 
 Johnson v. Brooks,
 
 567 So.2d 34, 35 (Fla. 1st DCA 1990).
 

 Neighbors should explore and exhaust a variety of alternatives to litigation before bringing a claim under section 748.046 for repeat violence.
 
 See Shocki,
 
 994 So.2d at 1134. Accordingly, the trial court’s final judgments for protection against repeat violence are REVERSED.
 

 WOLF, WEBSTER, and THOMAS, JJ, concur.