PER CURIAM.
 

 In this appeal, Ernest D. Tiger challenges an injunction against repeat violence entered against him and in favor of Harry Marcus. To be entitled to such an injunction, the petitioner must demonstrate that he has been the victim of “repeat violence.”
 
 See
 
 § 784.046(2)(a), Fla. Stat. (2009). “Repeat violence” requires at least two instances of “violence.” § 784.046(l)(b), Fla. Stat. “Violence” includes an assault and a battery. § 784.046(l)(a), Fla. Stat. While the evidence was sufficient to establish that Tiger committed an act of violence against Marcus on August 30, 2008, i.e., a battery, there was no evidence of a second instance of “violence.” Marcus and his girlfriend, Rose Capote, testified that bricks were thrown through their apartment window, but they could not identify Tiger as the one responsible. And, while Marcus testified that Tiger verbally threatened him on August 7th, in the absence of some overt act demonstrating that violence is imminent, a verbal threat does not constitute an “assault.”
 
 See, e.g., Sorin v. Cole,
 
 929 So.2d 1092, 1094 (Fla. 4th DCA 2006);
 
 Santiago v. Towle,
 
 917 So.2d 909, 911 (Fla. 5th DCA 2005). The order appealed is thus reversed.
 

 Reversed.
 

 STEVENSON, HAZOURI and GERBER, JJ., concur.