BENTON, C.J.
 

 Shannon Murphy appeals a final injunction for protection against repeat violence, entered against her at the behest of Katherine Reynolds. Because the trial court’s finding that Ms. Murphy committed “repeat violence” against Ms. Reynolds lacks competent, substantial evidence in support, we reverse.
 

 The trial court decreed that the injunction remain in place until October 27, 2010, when it expired. This case is not moot, however, because collateral legal consequences flowing from such an injunction outlast the injunction itself.
 
 See Rodman v. Rodman,
 
 48 So.3d 1022, 1022 (Fla. 1st DCA 2010) (“[I]njunctions for protection against domestic violence are an exception to the usual rules of mootness because of the collateral legal consequences that flow from such an injunction.”);
 
 accord Boyles v. Tiefenthaler,
 
 810 So.2d 1041, 1041 (Fla.
 
 *717
 
 2d DCA 2002) (finding an appeal of an injunction for protection against repeat violence was not moot, as “issuance of the injunction prevented] [appellant] from carrying a gun under federal law and thus affect[ed] her career in law enforcement”).
 
 But see Bevan v. Wolfson,
 
 638 So.2d 527, 527 (Fla. 2d DCA 1994) (citing
 
 Godwin v. State,
 
 593 So.2d 211, 212 (Fla.1992)) (dismissing an appeal of an expired repeat violence injunction on grounds none of the three exceptions to mootness applied, including collateral legal consequences).
 

 Section 784.046(2), Florida Statutes (2009), creates a cause of action for “an injunction for protection in cases of repeat violence.” To prove the cause of action, “[competent, substantial evidence must support the trial court’s findings of two incidents of repeat violence.”
 
 Terrell v. Thompson,
 
 935 So.2d 592, 593 (Fla. 1st DCA 2006). “Repeat violence” is defined as “two incidents of violence or stalking committed by the respondent.” § 784.046(l)(b), Fla. Stat. (2009). “Violence” means “any assault, aggravated assault, battery, aggravated battery, sexual assault, sexual battery, stalking, aggravated stalking, kidnapping, or false imprisonment.” § 784.046(l)(a), Fla. Stat. (2009). “Stalking” occurs when a person “willfully, maliciously, and repeatedly follows, harasses, or cyberstalks another person.” § 784.048(2), Fla. Stat. (2009). “Harassment” is “a course of conduct directed at a specific person that causes substantial emotional distress ... and serves no legitimate purpose.” § 784.048(l)(a), Fla. Stat. (2009). “Cyberstalking” entails harassment by means of electronic communications.
 
 See
 
 § 784.048(l)(d), Fla. Stat. (2009).
 

 Ms. Reynolds set out to prove “cyber-stalking” as grounds for the injunction, alleging Ms. Murphy sent her an offensive email, hacked into her email accounts, deleted all of her emails, and changed her email signature block to include disparaging remarks. But Ms. Reynolds did not introduce evidence that linked Ms. Murphy to the cyberstalking incidents. No competent substantial evidence identified Ms. Murphy as the perpetrator of these acts.
 

 Reversed.
 

 DAVIS and THOMAS, JJ., concur.