LaROSE, Judge.
David Allan Titsch appeals a final judgment of injunction against repeat violence entered against him and in favor of Daniel Buzin. The record does not support a finding of two incidents of violence as required by the applicable statute. Consequently, we reverse.
Section 784.046(2), Florida Statutes (2009), allows a victim of repeat violence to seek a protective injunction. The statute defines violence as “assault, aggravated assault, battery, aggravated battery, sexual assault, sexual battery, stalking, aggravated stalking, kidnapping, or false imprisonment, or any criminal offense resulting in physical injury or death, by a person against any other person.” § 784.046(l)(a). The statute defines repeat violence as “two incidents of violence or stalking committed by the respondent, one of which must have been within 6 months of the filing of the petition, which are directed against the petitioner or the petitioner’s immediate family.” § 784.046(l)(b). Each incident must be proven by competent, substantial evidence. Smith v. Melcher, 975 So.2d 500, 501 (Fla. 2d DCA 2007),
Mr. Buzin’s petition for injunctive relief alleged two incidents of violence. The first involved a confrontation that occurred in Mr. Buzin’s driveway. Mr. Titsch allegedly threatened to kill Mr. Buzin and “tried to force his way past [Mr. Buzin] in his SUV by running [Mr. Buzin] down.” In the second alleged incident, Mr. Titsch drove by Mr. Buzin’s home. He stopped his car, exited the vehicle, and made a hand gesture imitating a gun and said, “Bang your [sic] dead — I’m going to Fu[ — ing] kill you.”
Even if the first alleged incident is one of violence, the second falls outside the statutory scope. See Santiago v. Towle, 917 So.2d 909, 910-11 (Fla. 5th DCA 2005) (“The sparse evidence adduced, even if believed, indicates that Mr. Santiago did not make any overt act that would have placed Ms. Towle in imminent danger, but rather only shouted and made hand gestures.”). Mr. Titsch’s alleged behavior in the second incident fell short of the legal requirements of section 784.046. See Gagnard v. Sticht, 886 So.2d 321, 322 (Fla. 4th DCA 2004). Hand gestures and obscenities alone are insufficient. See Santiago, 917 So.2d at 910-11.
Assault is the only possible statutorily prohibited act upon which Mr. Buzin can rely. “Assault” is “an intentional, unlawful threat by word or act to do violence to the person of another, coupled with an apparent ability to do so, and doing some act which creates a well-founded fear in such other person that such violence is imminent.” § 784.011(1). However, mere shouting and obscene hand gestures, without an overt act that places the victim in fear, do not constitute the type of violence required for an injunction. Gagnard, 886 So.2d at 322 (holding one man’s threat to “F” up another man and kill him insufficient to support an injunction because there was no evidence of an overt act *267 indicating an ability to carry out the threat or justifying a belief in the victim that violence was imminent); Sorin v. Cole, 929 So.2d 1092, 1094 (Fla. 4th DCA 2006) (“Even a representation that the offender owns a gun and is not afraid of using it is insufficient to support an injunction absent an overt act indicating an ability to carry out the threat or justifying a belief that violence is imminent.”); Johnson v. Brooks, 567 So.2d 34, 35 (Fla. 1st DCA 1990) (“A person’s mere intention to commit an assault is not enough; there must be some overt act sufficient to demonstrate a threat directed at the person placed in fear”).
Our record reflects a lack of competent, substantial evidence to support the final judgment of injunction for protection against repeat violence. There was no evidence that Mr. Titsch, in the second alleged incident, made an overt act indicating an ability to carry out the threat or that would otherwise justify a reasonable belief by Mr. Buzin that violence was imminent. See Morrell v. Chadick, 965 So.2d 1277, 1280 (Fla. 2d DCA 2007) (holding that appellant presented no objective basis to support her subjective belief that she was the victim of sexual violence (citing Oettmeier v. Oettmeier, 960 So.2d 902, 904 (Fla. 2d DCA 2007))). The law requires two acts of violence to justify the requested injunction. Sorin, 929 So.2d at 1095. Because the alleged second incident is not an act of violence under the statute, we reverse the final judgment of injunction.
Reversed.
CASANUEVA, C.J., and VILLANTI, J., Concur.