SHEPHERD, J.
H.W. appeals an order denying his motion for judgment of dismissal and adjudicating him guilty of assault on a school administrator, contrary to sections 784.011 and 784.081 of the Florida Statutes (2009). We conclude the State failed to prove one of the three elements of the crime of assault and therefore reverse and remand the case with directions to the trial court to enter a judgment of dismissal. A brief summary of the facts of this case is necessary to explain our decision.
FACTS
This case arises out of an incident involving a juvenile, H.W., at Parkway Middle School on September 15, 2009. H.W., a student at the school, had been called to the office of Parkway Middle School administrative assistant Gladys Jones for disciplinary action for an earlier school infraction. Jones told H.W. his punishment for the infraction was a three-day suspension, whereupon H.W. became verbally abusive toward her. According to Jones, H.W. cursed at her, called her a “bit — ,” shouted “f— you,” and “lift[ed] his shirt and ... paced back and forth” in front of Jones’ desk.
H.W. left Jones’ office, but returned within the hour. Officer Hector Martinez, a school security officer, was located just outside Jones’ office. When H.W. entered Jones’ office for the second time, Jones was sitting behind her desk, speaking to another teacher, Latifa McGill. H.W. again cursed at Jones, paced back and forth, told her she was “foul” and that “something bad was going to happen to [her] ... that day.” H.W. told Jones he would make sure she got “put to sleep” and called her names. When asked if she was afraid, Jones testified, “Officer Martinez was there. In a way, I was afraid because ... H.W. is a violent individual.” Jones believed H.W “would have reached across my desk and hit me, and that’s why I called the officer.”
McGill testified H.W. was “very upset, irate.” “[H]e threatened Ms. Jones by saying she was foul, something bad was going to happen to her.” McGill did not believe Jones was fearful, only “disturbed.” McGill also thought H.W. would not be able to do anything to Jones because Officer Martinez was outside the office. McGill did not believe H.W. could hit Jones, because Jones was sitting at her desk and H.W. would have had to jump over the desk.
Officer Martinez testified he witnessed H.W. flailing his arms and making threatening remarks toward Ms. Jones. Officer Martinez heard H.W. tell Jones, “[Y]ou’re going to die today, bit — ; something is going to happen to you after school; you watch.” Officer Martinez intervened and placed H.W. in a separate room, after which H.W. stated, “that bit — is going to die today right after school; you watch.” Officer Martinez handcuffed H.W. and conducted his investigation.
DISCUSSION
H.W. was charged with assault on a specified official or employee, pursuant to sections 784.011(1) and 784.081(2). Section 784.011(1) of the Florida Statutes (2009) states:
An assault is an intentional, unlawful threat by word or act to do violence to the person of another, coupled with an apparent ability to do so, and doing some act which creates a well-founded *145 fear in such other person that such violence is imminent.
(emphasis added). The statute requires proof of three elements: (1) an intentional, unlawful threat; (2) an apparent ability to carry out the threat; and (3) creation of a well-founded fear that the violence is imminent. See Benitez v. State, 901 So.2d 935, 937 (Fla. 4th DCA 2005).
Proof of the crime of assault requires not just proof of a threat, but also proof of some physical act directed toward the victim. See, e.g., Johnson v. State, 888 So.2d 691, 693 (Fla. 4th DCA 2004) (affirming conviction where the appellant pointed a gun at the victim and said, “F — , ni[ — ]er, I missed the first time, but I won’t miss this time”); K.E.H. v. State, 802 So.2d 395, 396 (Fla. 4th DCA 2001) (affirming conviction on facts that “[w]hen his mother persisted, appellant put his fist in his mother’s face and said, ‘Leave me alone you f-ing bitch. I’m going to punch you in the f — ing face’ ”). The deficiency here is that the record is devoid of evidence to show H.W. did any act to create a well-founded fear by Jones that violence was imminent. “A person’s mere intention to commit an assault is not enough; there must be some overt act sufficient to demonstrate a threat directed at the person placed in fear.” Johnson v. Brooks, 567 So.2d 34, 35 (Fla. 1st DCA 1990); accord Perez v. Siegel, 857 So.2d 353, 355 (Fla. 3d DCA 2003) (“[AJlthough Perez did allegedly threaten to kill Siegel and her family during their face to face confrontation, Siegel never alleged nor proved that at the time Perez had the apparent ability to do so and committed any overt act that created a well-founded fear that violence against them was imminent.”).
Although there was sufficient evidence to support a finding by the trial court that H.W. made an intentional, unlawful threat, and even that Jones had a well-founded fear — see Pallas v. State, 636 So.2d 1358, 1361 (Fla. 3d DCA 1994) (“[I]t is settled that a “well-founded fear’ is measured by a reasonable person standard, not a subjective standard.”); L.R. v. State, 698 So.2d 915, 916 (Fla. 4th DCA 1997) (stating, “[wjhere the victim testifies, the victim’s subjective perception of fear, so long as it is determined to be well-founded, is sufficient to prove the element of fear,” and reversing conviction for assault where a third person stood between L.R., who had a knife, and victim, and where victim testified she did not believe L.R. actually would stab her) — H.W.’s words did not create a well-founded fear that he would do something to Jones at that time. See Titsch v. Buzin, 59 So.3d 265, 267 (Fla. 2d DCA 2011) (concluding there was no evidence Titsch “made an overt act indicating an ability to carry out the threat or that would otherwise justify a reasonable belief by Mr. Buzin that violence was imminent”); Gagnard v. Sticht, 886 So.2d 321, 322 (Fla. 4th DCA 2004) (concluding no assault where Gagnard threatened to kill Sticht and to “ ‘F’ him up” but where there was no evidence Gagnard made any overt acts indicating an ability to carry out the threats or justifying a belief in Sticht that violence was imminent); Butler v. State, 632 So.2d 684, 685 (Fla. 5th DCA 1994) (stating threat by Butler to girlfriend to physically harm her if she is around another male, “sets out a conditional threat to do injury at some unspecified future time based upon a possible eventuality, and this does not constitute an assault”).
H.W. threatened that something would happen “that day.” When asked if she was afraid, Jones testified, “Officer Martinez was there. In a way, I was afraid,” because “[h]e is a violent individual.” Jones did not raise her voice to shout for help, but instead calmly called for Officer *146 Martinez who was “outside the door.” Jones’ “thought that [H.W.] would have reached across my desk and hit me,” and H.W.’s threat that something would happen “that day” are insufficient to show violence was imminent. (Emphasis added).
Reversed and remanded with directions to the trial court to enter an order granting the motion for judgment of dismissal.