PER CURIAM.
The trial court entered a final judgment of injunction for protection against repeat violence against appellant, Anthony Cirillo, on the petition of appellee, Ashley Jones. Mr. Cirillo raises two issues on appeal, both of which we find to have merit. We reverse.
Mr. Jones filed his petition alleging two incidents of violence. At the trial, Mr. Jones testified that during the first incident, Mr. Cirillo confronted Mr. Jones about remarks he had made. While cursing at and threatening Mr. Jones, Mr. Cirillo poked him in the chest and spat on him. In response, Mr. Cirillo attempted to call his sixteen-year-old son to rebut this testimony. The trial court refused to permit Mr. Cirillo to present this witness in his defense. The second incident occurred at a board meeting of their homeowner’s association. At the end of the meeting, Mr. Cirillo again confronted Mr. Jones. Mr. Cirillo was cursing at him and then ended it by saying “I will kill you or sue you.” Mr. Jones jumped up and repeated this over and over. The meeting ended shortly thereafter and Mr. Cirillo left. In his defense, Mr. Cirillo testified that what he was trying to say to Mr. Jones was “I will sue you and kill you in court,” but he never got the “in court” statement out because Mr. Jones jumped up and started saying “did you say you would kill me.”
Mr. Cirillo argues that the second confrontation at the board meeting does not support a finding of an incident of violence. Section 784.046(l)(a), Florida Statutes (2011), provides in pertinent part:
(1) As used in this section, the term:
(a) “Violence” means any assault, aggravated assault, battery ..., or any criminal offense resulting in physical injury or death, by a person against any other person.
(b) “Repeat violence” means two incidents of violence or stalking committed by the respondent, one of which must have been within 6 months of the filing of the petition, which are directed against the petitioner or the petitioner’s immediate family member.
§ 784.046(l)(a) & (b), Fla. Stat. (2011). “Each incident must be proven by competent, substantial evidence.” Titsch v. Buzin, 59 So.3d 265, 266 (Fla. 2d DCA 2011).
An “assault” is defined as “an intentional, unlawful threat by word or act to do violence to the person of another, coupled with an apparent ability to do so, and doing some act which creates a well-founded fear in such other person that such violence is imminent.” § 784.011(1), Fla. Stat. (2011).
In Titsch, one of the incidents of alleged violence occurred when Titsch stopped his car in front of Buzin’s home, got out and made a hand gesture imitating a gun while saying “Bang your [sic] dead — I’m going to Fu[ — ing] kill you.” Id. at 266. The district court concluded that there was no evidence Titsch “made an overt act indicat *1176 ing an ability to carry out the threat or that would otherwise justify a reasonable belief by Mr. Buzin that violence was imminent.” Id. at 267.
During the incident at the board meeting, the evidence did not show that Mr. Cirillo made any overt acts at the time of the threat which indicated an ability to carry out the threats or justified a reasonable belief by Mr. Jones that violence was imminent. After Mr. Cirillo said he was going to sue or kill Mr. Jones, Mr. Jones started repeating what Mr. Cirillo said over and over. Thereafter, the meeting was over and everyone left. We conclude that the evidence was insufficient to prove two incidents of violence occurred.
Additionally, Mr. Cirillo argues that the trial court deprived him of due process when it precluded him from calling a witness to testify in his defense.[1] Mr. Cirillo called his sixteen-year-old son to testify and the trial court refused to permit it. “Due process requires that a party be given the opportunity to be heard and to testify and call witnesses on his behalf ..., and the denial of this right is fundamental error.” Pope v. Pope, 901 So.2d 352, 353 (Fla. 1st DCA 2005).
In Ohrn v. Wright, 963 So.2d 298 (Fla. 5th DCA 2007), at a hearing on a repeat violence injunction, the trial court did not permit Ohrn to call a witness who would support her version of the incidents that occurred between the parties. Section 784.046(6)(a), Florida Statutes (2011), requires a full hearing prior to entering an injunction. In finding a due process violation, the Fifth District held:
To satisfy the constitutional and statutory imperative of due process, at an injunction hearing, the parties must have an opportunity to prove or disprove the allegations made in the complaint. All witnesses should be sworn, each party should be permitted to call witnesses with relevant information, and cross examination should be permitted.
Id. at 298. The trial court should have permitted Mr. Cirillo to call his witness. The trial court deprived Mr. Cirillo of due process and if that were the only issue on appeal this court would reverse and remand for a new trial. However, because the alleged second incident was not an act of violence under the statute, the evidence did not show repeat violence. We, therefore, reverse the final judgment of injunction.

Reversed.

POLEN, TAYLOR and HAZOURI, JJ., concur.

. Mr. Cirillo also argues that the trial court abused its discretion in not granting his motion for continuance. We find this argument to be without merit.