PER CURIAM.
Thomas Giddens appeals a final injunction for protection against repeat violence, entered against him at the behest of Theresa Tlsty pursuant to section 784.046(2), Florida Statutes (2011). Because the final injunction is not supported by competent, substantial evidence, we reverse.
Section 784.046(2) creates a cause of action for “an injunction for protection in cases of repeat violence.” “Repeat violence” is defined as “two incidents of violence or stalking committed by the respondent, one of which must have been within 6 months of the filing of the petition, which are directed against the petitioner or the petitioner’s immediate family member.” § 784.046(l)(b), Fla. Stat. (2011). ‘Violence” means “any assault, aggravated assault, battery, aggravated battery, sexual assault, sexual battery, stalking, aggravated stalking, kidnapping, or false imprisonment, or any criminal offense resulting in physical injury or death.” § 784.046(l)(a), Fla. Stat. (2011).
The trial court made no findings of fact and therefore did not explicitly find two incidents of violence or stalking committed by Mr. Giddens. Our review of the record does not reveal evidence which would support finding the requisite two incidents. See, e.g., Power v. Boyle, 60 So.3d 496, 498 (Fla. 1st DCA 2011) (“The trial court’s finding of two incidents of violence or stalking required for an injunction under section 784.046 must be supported by competent substantial evidence.”); Murphy v. Reynolds, 55 So.3d 716, 717 (Fla. 1st DCA 2011) (holding that an injunction for pro *844 tection against repeat violence should not have been entered because no competent substantial evidence linked the respondent to the cyberstalking incidents); Russell v. Doughty, 28 So.3d 169, 170 (Fla. 1st DCA 2010) (holding that yelling profanities and threats at the petitioner, even after a previous battery by respondent against petitioner, was not sufficient for a finding of “repeat violence” without evidence that respondent took an action creating a “well-founded fear that violence was imminent”); Santiago v. Towle, 917 So.2d 909, 911 (Fla. 5th DCA 2005) (holding that a respondent’s statement to a third party that he “had a gun and was not afraid to use it” did not constitute an incident of violence because there was no “overt act indicating an ability to carry out the threat or justifying a belief that violence was imminent”).
Reversed.
BENTON, C.J., WETHERELL, and RAY, JJ., concur.