PER CURIAM.
David Waddell appeals from the entry of a Final Judgment of Injunction for Protection Against Repeat Violence, which prohibits him from having any contact with his neighbor, Joseph DeLorenzo. At the hearing, DeLorenzo presented evidence that Waddell had cussed at him and yelled vague threats at him, from a distance, on several occasions. On cross-examination, DeLorenzo admitted that Waddell had never taken any observed action toward violence. Rather, DeLorenzo seemed pri *592 marily concerned about the stress caused to both him and his wife by Waddell’s “sly remarks, looks[,]” and pervasive use of profanity. Although DeLorenzo did not testify to a single act of violence against him, the trial judge announced that he was going to enter an injunction to provide a “cooling off period” of about two years “for the sake of peace in the neighborhood.” Because petitioner’s evidence was legally insufficient to support entry of a repeat violence injunction, see, e.g., Russell v. Doughty, 28 So.3d 169, 170 (Fla. 1st DCA 2010) (holding that yelling profanities and threats at the petitioner, even after a previous battery by respondent against petitioner, was not sufficient for a finding of “repeat violence” without evidence that respondent took an action creating a “well-founded fear that violence was imminent”), we reverse.
REVERSED.
PALMER, LAWSON and COHEN, JJ., concur.