PER CURIAM.
In this case, Appellee was granted a petition for injunction against repeat violence for the keying of her car in May and August 2013. We reverse because not only was there a lack of competent substantial evidence as to the second act, but also, both acts do not constitute “violence” as contemplated by section 784.046(2), Florida Statutes.
In her petition, Appellee alleged that after a confrontation with Appellant at 3:00 a.m. one morning, she saw Appellant standing by her ear and subsequently discovered her car was keyed. Appellee fur *658 ther alleged that after having no contact with Appellant since June 24, 2013, she discovered her car was keyed again sometime in August 2013. At the hearing at which only Appellee appeared, she testified consistently with the allegations raised in the petition except that there was no testimony whatsoever about the second event.
Section 784.046(2), Florida Statutes (2013), creates a cause of action for an injunction for protection in cases of repeat violence. “Violence” means “any assault, aggravated assault, battery, aggravated battery, sexual assault, sexual battery, stalking, aggravated stalking, kidnapping, or false imprisonment, or any criminal offense resulting in physical injury or death, by a person against any other person.” § 784.046(l)(a), Fla. Stat. Repeat violence means “two incidents of violence or stalking committed by the respondent, one of which must have been within 6 months of the filing of the petition, which are directed against the petitioner or the petitioner’s immediate family member.” § 784.046(l)(b), Fla. Stat.
Here, as contemplated by the statute, neither of the alleged acts of “violence” satisfied section 784.046(l)(a). In fact, the only “violence” either of the alleged acts could have come remotely close to satisfying is the “any other criminal offense”, which still would fail because the acts did not result in “physical injury or death.” Id. § 784.046(l)(a). Furthermore, except for the conclusory assumption made in the petition that Appellant must have keyed Appellee’s car in August 2013, no competent, substantial evidence was presented that Appellant committed the second act at all. See, e.g., Tiger v. Marcus, 37 So.3d 986, 986 (Fla. 4th DCA 2010) (“Marcus and his girlfriend, Rose Capote, testified that bricks were thrown through their apartment window, but they could not identify Tiger as the one responsible. And, while Marcus testified that Tiger verbally threatened him on August 7th, in the absence of some overt act demonstrating that violence is imminent, a verbal threat does not constitute an “assault.”). Under the circumstances, the petition was wrongly granted and so we reverse.
REVERSED.
THOMAS, MARSTILLER, and MAKAR, JJ., concur.