PER CURIAM.
Lee Droke appeals a final judgment for protection against repeat violence entered against him in favor of Christopher Andi-no. Mr. Droke argues that the trial court erred by entering the petition where Mr. Andino only proved one act of violence. We agree.
Section 784.046(l)(b), Florida Statutes (2013) defines repeat violence as “two incidents of violence or stalking committed by the respondent, one of which must have been within 6 months of the filing of the petition, which are directed against the petitioner or the petitioner’s immediate family member.” An assault qualifies as an act of violence under the statute. § 784.046(l)(a), Fla. Stat. (2013). An assault is defined as “an intentional, unlawful threat by word or act to do violence to the person of another, coupled with an apparent ability to do so, and doing some act which creates a well-founded fear in such other person that such violence is imminent.” § 784.011(1), Fla. Stat. (2013). In other words, “[a] person’s mere intention to commit an assault is not enough; there must be some overt act sufficient to demonstrate a threat directed at the person placed in fear.” Johnson v. Brooks, 567 So.2d 34, 35 (Fla. 1st DCA 1990).
In the instant case, the evidence established that Andino threatened Droke on two separate occasions, but -violence appeared imminent on only one occasion. Thus, only one assault was shown. See Russell v. Doughty, 28 So.3d 169, 170 (Fla. 1st DCA 2010) (reversing where evidence of second violent act was respondent yelling profanities and threats, without an indication that respondent threatened to do violence or that he took some action that could have created a well-founded fear that violence was imminent); Sorin v. Cole, 929 So.2d 1092, 1094 (Fla. 4th DCA 2006) (“Mere shouting and obscene hand gestures, without an overt act that places the victim in fear, does not constitute the type of violence required for an injunction.”); Gagnard v. Sticht, 886 So.2d 321, 322 (Fla. 4th DCA 2004) (reversing because threat to kill petitioner and “ ‘F’ him up,” without “overt acts indicating an ability to carry out the threats or justifying a belief in [petitioner] that violence was imminent” did not constitute an act of violence); Perez v. Siegel, 857 So.2d 353, 355 (Fla. 3d DCA 2003) (reversing upon finding that although respondent threatened to kill pe *222 titioner and her family during a face to face confrontation, petitioner never alleged or proved that respondent had the apparent ability to do so, or that respondent committed any overt act creating well-founded fear that violence was imminent). Accordingly, we reverse and remand with directions that the trial court vacate the injunction and dismiss the petition.
REVERSED and REMANDED with directions.
TORPY, C.J., LAWSON and BERGER, JJ., concur.