IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

JAMES BANKS,

     Appellant,

v.

KIM D. MCFARLAND,

     Appellee.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D13-5825

Opinion filed October 13, 2014.

An appeal from the Circuit Court for Bay County.
Allen L. Register, Judge.

Russell K. Ramey, of Ramey Law Offices, Panama City, for Appellant.

No appearance for Appellee.

PER CURIAM.

James Banks appeals the issuance of a temporary injunction for repeat violence against him based upon the complaint of Kim McFarland. We reverse.

Appellant and his spouse lived across the street from and had an acrimonious relationship with appellee and her spouse. The trial court entered the injunction against repeat violence pursuant to section 748.046, Florida Statutes (2013), based upon testimony from appellee and another neighbor that appellant

yelled at appellee, "I will shoot and kill all of you" and "I'll F you up," in addition to making other ugly remarks and taunts and engaging in intrusive behavior.

The "repeat violence" necessary to obtain an injunction under the statute includes "assault," which, in turn, requires proof of an intentional and unlawful threat to do violence, the apparent ability to do so, "and doing some act which creates a well-founded fear in such other person that such violence is imminent." § 784.011(1), Fla. Stat. (2013). The case law is replete with instances of persons making nearly identical threatening remarks as appellant's, which did not warrant an injunction because they were not accompanied by overt acts that would have created a well-founded fear in the victim that violence was imminent. See Titsch v. Buzin, 59 So. 3d 265 (Fla. 2d DCA 2011); Gagnard v. Sticht, 886 So. 2d 321 (Fla. 4th DCA 2004); Perez v. Siegel, 857 So. 2d 353 (Fla. 3d DCA 2003); Cirillo v. Jones, 84 So. 3d 1174 (Fla. 4th DCA 2012). See also Sorin v. Cole, 929 So. 2d 1092 (Fla. 4th DCA 2006); Johnson v. Brooks, 567 So. 2d 34 (Fla. 1st DCA 1990); Power v. Boyle, 60 So. 3d 496 (Fla. 1st DCA 2011); Russell v. Doughty, 28 So. 3d 169 (Fla. 1st DCA 2010); Santiago v. Towle, 917 So. 2d 909 (Fla. 5th DCA 2005).

There was no showing of an overt act below. We find nothing to distinguish the case at bar from those cited above.

REVERSED.

PADOVANO, THOMAS, and CLARK, JJ., CONCUR.