IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

BERNETTA ASHFORD-
COOPER,

     Appellant,

v.

DWELL LAKEY RUFF AKA
DWELL L. RUFF,

     Appellee.

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D17-35

_____/

Opinion filed December 13, 2017.

An appeal from the Circuit Court for Leon County.
Robert E. Long, Jr., Judge.

Joshua D. Zelman of Zelman Law, Tallahassee, for Appellant.

No appearance for Appellee.

PER CURIAM.

     Appellant seeks review of the stalking injunction entered against her at the

request of her husband's girlfriend, Appellee.[1]  We agree with Appellant that the

---

[1] Although the injunction has expired on its own terms, "[t]his case is not moot . . .
because collateral legal consequences flowing from such an injunction outlast the
injunction itself."  Murphy v. Reynolds, 55 So. 3d 716, 716 (Fla. 1st DCA 2011).

evidence was insufficient to support the injunction because, among other things, there was no evidence that the repeated calls and texts Appellant made to Appellee to try to get in touch with her husband caused Appellee—or would cause a reasonable person in Appellee's position—substantial emotional distress. See § 784.048(1)(a), (2), Fla. Stat. (2016); Leach v. Kersey, 162 So. 3d 1104, 1106 (Fla. 2d DCA 2015) (reversing stalking injunction against wife who contacted husband's mistress because "the evidence does not show that these contacts would cause a reasonable person in [the mistress]'s circumstances to suffer substantial emotional distress" since "[a] reasonable woman who had an eighteen-month affair with another woman's husband might well expect to hear the scorn of an angry wife.") (internal citation omitted). Accordingly, we reverse the injunction.

REVERSED.

B.L. THOMAS, C.J., and WETHERELL and WINSOR, JJ., CONCUR.