# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D17-2861

_____

ARON C. TASH,

    Appellant,

    v.

AARON J. ROGERS o/b/o Minor
Child E.R.,

    Appellee.

_____

On appeal from the Circuit Court for Columbia County.
Paul S. Bryan, Judge.

July 9, 2018

B.L. THOMAS, C.J.

Aron Tash appeals a final judgment granting a permanent injunction for protection against repeat violence in favor of Appellee, Aaron Rogers, and his daughter, E.R. We reverse.

Rogers is married to Appellant's ex-wife, and the record demonstrates the discordant relationship between the two men and their families; however, the record does not support a finding that Appellant committed two incidents of violence against Rogers, E.R., or another member of their immediate family within the meaning of section 784.046(1)(b), Florida Statutes (2017). "Violence" is defined as "any assault, aggravated assault, battery, aggravated battery, sexual assault, sexual battery, stalking, aggravated stalking, kidnapping, or false imprisonment,

or any criminal offense resulting in physical injury or death . . . ." § 784.046(1)(a), Fla. Stat. (2017). "Repeat violence" is defined as "two incidents of violence or stalking committed by the respondent, one of which must have been within 6 months of the filing of the petition, which are directed against the petitioner or the petitioner's immediate family member." § 784.046(1)(b), Fla. Stat. (2017).

As we have previously held, "[c]ompetent, substantial evidence must support the trial court's finding that two incidents of repeat violence occurred." *Russell v. Doughty*, 28 So. 3d 169, 170 (Fla. 1st DCA 2010) (citing *Shocki v. Aresty,* 994 So. 2d 1131, 1132 (Fla. 3d DCA 2008); *Clement v. Ziemer,* 953 So. 2d 700, 702 (Fla. 5th DCA 2007); *Santiago v. Towle,* 917 So. 2d 909, 910 (Fla. 5th DCA 2005)).

The record here contains allegations of three incidents involving Appellant and Rogers or E.R. In the first incident, the evidence established that Appellant spit in Rogers' face and threatened to kill him. Because intentionally spitting in a person's face constitutes battery, *see, e.g.*, *Mohansingh v. State*, 824 So. 2d 1053 (Fla. 5th DCA 2002), this incident qualified as one of the requisite acts of violence, although it occurred more than six months before the petition was filed. *See* § 784.046(1)(a), Fla. Stat. (listing battery as an act of violence); § 784.046(1)(b), Fla. Stat. (providing that only one of the acts of violence on which an injunction is predicated must have occurred within six months of the petition).

As to the other two acts, which both occurred within six months of the date Rogers filed the petition, Appellant argues that neither incident constituted an act of violence. During one incident, Appellant allegedly approached Rogers' ten-year-old daughter, E.R., at her elementary school and made inappropriate remarks about her being "messed up" because of her parents. Because there was no allegation that Appellant made physical contact with or threatened any harm to E.R., this incident was not a violent act under section 784.046(1)(a), Florida Statutes.

With regard to the other incident, Rogers alleged that Appellant approached him, looked at him, and said under his

breath that he would kill Rogers and his family. Rogers alleged that he knew Appellant carried a pocketknife and knew Appellant had been previously convicted of attempted aggravated assault, but did not allege that Appellant displayed the knife or committed any other overt act beyond the threatening statement.

Appellant's threat did not constitute an assault or any other enumerated act of violence under section 784.046(1)(a). "An 'assault' is defined as 'an intentional, unlawful threat by word or act to do violence to the person of another, coupled with an apparent ability to do so, and doing some act which creates a well-founded fear in such other person that such violence is imminent.'" *Gagnard v. Sticht*, 886 So. 2d 321, 322 (Fla. 4th DCA 2004) (quoting § 784.011(1), Fla. Stat. (2003)). Threatening to kill someone is insufficient to constitute an assault if there is no evidence of an "overt act[] indicating an ability to carry out the threat[] or justifying a belief . . . that violence was imminent." *Id.* (citing *Johnson v. Brooks*, 567 So. 2d 34, 35 (Fla. 1st DCA 1990)); *see also Perez v. Siegel*, 857 So. 2d 353, 355 (Fla. 3d DCA 2003) (explaining that verbal threats, without an act creating a well-founded fear of imminent violence, were insufficient to qualify as assault).

Appellate courts apply an objective standard in determining whether a reasonable person would experience a well-founded fear of imminent harm. "We have rejected the view that the state must meet both an objective and subjective standard." *Fussell v. State,* 154 So. 3d 1233, 1236 n.5 (Fla. 1st DCA 2015) (citing *Thomas v. State,* 989 So. 2d 735, 736 (Fla. 1st DCA 2008) ("In determining whether a victim was put in fear . . . the question is whether the circumstances surrounding the incident would cause a reasonable person to be afraid, not whether the victim was actually afraid.")); *L.R.W. v. State,* 848 So. 2d 1263, 1266 (Fla. 5th DCA 2003) ("There is moreover, no requirement that the victim of an assault actually testify to his or her state of mind. If the circumstances are such as would ordinarily induce fear in the mind of a reasonable person, then the victim may properly be found to have been in fear." (citation omitted)).

Here, the record lacks any evidence that Appellant committed any act evidencing his ability to carry out the threat,

3

thus, there was no evidence that would support a finding that a reasonable person would experience a well-founded fear that violence was imminent. Accordingly, the record does not contain competent, substantial evidence of two incidents of violence committed by Appellant against Rogers, E.R., or another member of their immediate family. *Russell,* 28 So. 3d at 170.

REVERSED.

BILBREY and JAY, JJ., concur.

––––––––––––––––––––––––––––

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

––––––––––––––––––––––––––––

Chris M. Pratt, Palmetto, for Appellant.

No appearance for Appellee.

4