567 So.2d 34 (1990)
Gloria JOHNSON, Appellant,
v.
Debbie BROOKS, Appellee.
No. 89-3244.
District Court of Appeal of Florida, First District.
September 21, 1990.
*35 Cecil E. Howard, Tallahassee, for appellant.
No appearance for appellee.
ERVIN, Judge.
Gloria Johnson appeals an order granting appellee, Debbie Brooks, injunctive relief pursuant to the provisions of Section 784.046, Florida Statutes (1989). Appellant urges that the trial court erred in granting the injunction, because appellee had failed to demonstrate violence, as required and defined by the statute, as a basis for relief. We agree and reverse.
Section 784.046 authorizes an injunction for the protection of persons who are victimized by "repeat violence." Violence is defined in the statute as "any assault, battery, or sexual battery" and repeat violence is defined in part as "two incidents of violence." §§ 784.046(1)(a)-(b), Fla. Stat. (1989).
In the instant case, appellee alleged in her petition that appellant had called her on the telephone numerous times, that appellant told her she would burn in hell, that appellant was attempting to locate appellee's son who was then in the United States Army, and that appellant was known to be violent, having caused bodily harm to other persons. In consideration of the threats, appellee was concerned for both her safety and that of her two sons. Clearly there were no allegations of any battery, sexual or otherwise, committed on appellee or her two sons. Battery, as provided in Florida law, involves actually and intentionally touching or striking another person against his or her will or intentionally causing bodily harm to another. § 784.03, Fla. Stat. (1989). Sexual battery involves "oral, anal, or vaginal penetration." § 794.011(1)(h), Fla. Stat. (1989).
Moreover, there was no proof of an assault, defined by statute as "an intentional, unlawful threat by word or act to do violence to the person of another, coupled with an apparent ability to do so, and doing some act which creates a well-founded fear in such other person that such violence is imminent." § 784.011(1), Fla. Stat. (1989). This is so because the record fails to show that appellant did any act which created a well-founded fear in appellee that violence was imminent. A person's mere intention to commit an assault is not enough; there must be some overt act sufficient to demonstrate a threat directed at the person placed in fear. See Battles v. State, 288 So.2d 573 (Fla. 2d DCA) (evidence was insufficient to support aggravated assault conviction where facts showed that defendant, who was leaving a supermarket following a robbery with a gun in his hand, dropped the gun when ordered to do so by police), cert. denied, 295 So.2d 302 (Fla. *36 1974). Cf. State v. Wilson, 276 So.2d 45 (Fla. 1973) (facts showing defendant held pistol on victims in such a manner as to threaten the victims with violence supported instruction for assault).
Because appellant's conduct constituted neither a battery nor an assault, there was no statutory basis upon which the trial court could grant appellee's petition for injunctive relief.
REVERSED.
NIMMONS and ALLEN, JJ., concur.