714 So.2d 1149 (1998)
Henry GOOSEN, Appellant,
v.
Mary WALKER and Martin Walker, Appellees.
No. 97-4459.
District Court of Appeal of Florida, Fourth District.
July 22, 1998.
S.D. Fromang, Vero Beach, for appellant.
Ford J. Fegert of Moss, Henderson, Blanton, Lanier & Devonmille, P.A., Vero Beach, for appellees.
KLEIN, Judge.
Appellant and appellees are neighbors who do not get along with each other. They have obtained mutual injunctions against repeat violence in the past. Appellant was enjoined, by the order which he appeals, from photographing or videotaping the appellees or pretending to do so. He argues that the injunction is unconstitutional because it violates the First Amendment. We affirm.
Section 784.046, Florida Statutes (1997) authorizes the issuance of injunctions to prevent repeat violence, which is defined under subsection 1(b) as follows:
"Repeat violence" means two incidents of violence or stalking committed by the respondent, one of which must have been within 6 months of the filing of the petition, which are directed against the petitioner or the petitioner's immediate family member. (emphasis added)
"Stalking" is defined in section 784.048(2), Florida Statutes (1997) as follows:
(2) Any person who willfully, maliciously, and repeatedly follows or harasses another person commits the offense of stalking....
"Harass" is defined in section 784.048(1)(a) as:
(1)(a) "Harass" means to engage in a course of conduct directed at a specific person that causes substantial emotional distress in such person and serves no legitimate purpose.
(b) "Course of conduct" means a pattern of conduct composed of a series of acts over a period of time, however short, evidencing a continuity of purpose. Constitutionally protected activity is not included within the meaning of "course of conduct." Such constitutionally protected activity includes *1150 picketing or other organized protests.
At the evidentiary hearing, the testimony showed that appellant had videotaped the appellees on two to four occasions during the preceding four months, when the appellees were in their own yard or the adjoining area. We are satisfied from that evidence, as well as other evidence, including appellant's explanation of why he engages in this conduct, that there is evidence to support the finding implicit in the injunction that his conduct constitutes stalking.
In regard to appellant's argument that his conduct is constitutionally protected, we find Wolfson v. Lewis, 924 F.Supp. 1413 (E.D.Pa. 1996), helpful. In Wolfson the issue was whether freedom of the press entitled television reporters to repeatedly videotape the subjects of an investigative news story. The court granted injunctive relief prohibiting reporters from invading the privacy of the plaintiffs, with or without cameras, explaining:
Conduct that amounts to a persistent course of hounding, harassment and unreasonable surveillance, even if conducted in a public or semi-public place, may nevertheless rise to the level of invasion of privacy based on intrusion upon seclusion.
In Bouters v. State, 659 So.2d 235 (Fla. 1995), the Florida Supreme Court concluded that conduct which amounts to stalking under section 784.048 is not protected by the First Amendment:
While the First Amendment confers on each citizen a powerful right to express oneself, it gives the [citizen] no boon to jeopardize the health, safety, and rights of others. Operation Rescue v. Women's Health Center, Inc., 626 So.2d 664, 675 (Fla.1993), cert. denied, 510 U.S. 1092, 114 S.Ct. 923, 127 L.Ed.2d 216 (1994), aff'd in part sub nom. Madsen v. Women's Health Center, Inc., 512 U.S. 753, 114 S.Ct. 2516, 129 L.Ed.2d 593 (1994), on remand, 644 So.2d 86 (Fla.1994).
659 So.2d at 237. See also Rae v. Flynn, 690 So.2d 1341, 1343 (Fla. 3d DCA 1997) (affirming an injunction, and noting that "the trial court correctly exercised judicial restraint in crafting a remedy to accomplish the reduction of neighborhood hostilities by the least restrictive means.")
Affirmed.
SHAHOOD and GROSS, JJ., concur.