738 So.2d 1003 (1999)
Verna RUSSELL, on Behalf of Gregory RUSSELL, Appellant,
v.
Kim HOGAN, on Behalf of Tonya HOGAN, Appellee.
No. 98-03048.
District Court of Appeal of Florida, Second District.
July 30, 1999.
Dennis L. Avery of Avery, Whigham & Winesett, P.A., Fort Myers, for Appellant.
No Appearance for Appellee.
WHATLEY, Judge.
Verna Russell, on behalf of Gregory Russell, appeals a final judgment of injunction for protection against repeat violence. She contends that there was no evidence establishing acts of repeat violence as required and defined by section 784.046, Florida Statutes (1997). We agree and reverse.
Section 784.046 provides that a person may obtain an injunction for protection in cases involving repeat violence. Repeat violence is defined as two incidents of stalking or violence, which includes assault, battery, and sexual battery. See § 784.046(b).
Kim Hogan, on behalf of Tonya Hogan, filed a petition for injunction alleging that Russell committed acts of repeat violence. However, at the hearing on the petition, Kim Hogan only testified that she witnessed one act of violence by Russell. Regarding the same incident, Tonya Hogan testified that she only witnessed Russell cussing at her cousin. Neither witness testified that they personally observed a second act of violence as required by section 784.046. See Johnson v. Brooks, 567 So.2d 34 (Fla. 1st DCA 1990) (holding that where there was no evidence of repeat violence, statutory elements are not met). *1004 Therefore, the trial court erred in entering the injunction.
Accordingly, we reverse.
FULMER, A.C.J., and DAVIS, J., Concur.