746 So.2d 1257 (2000)
Eric G. ANDERSON, Appellant,
v.
Ed McGUFFEY for Rebecca McGUFFEY, Appellee.
No. 1D98-4017.
District Court of Appeal of Florida, First District.
January 5, 2000.
George J. Mitar, III, of Goldstein, Buckley, Chechman, Rice & Purtz, P.A., Ft. Myers, for Appellant.
Ed McGuffey, Pro Se, for Appellee.
PER CURIAM.
Appellant argues that no evidence supports the entry of an injunction for protection against repeat violence in this case. We agree and reverse.
*1258 Section 784.046, Florida Statutes (1997), authorizes an injunction for protection in cases of repeat violence and defines "violence" as "any assault, battery, sexual battery, or stalking by a person against any other person." § 784.046(1)(a), Fla. Stat. "`Repeat violence' means two incidents of violence or stalking committed by the respondent, one of which must have been within 6 months of the filing of the petition, which are directed against the petitioner or the petitioner's immediate family member." § 784.046(1)(b), Fla. Stat. In the instant case, the petitioner below sought issuance of an injunction on behalf of his sixteen year old daughter against the twenty-one year old appellant on the ground that appellant was a bad influence and because he believed that keeping appellant away from his daughter was in the girl's best interest. Not one single act of violence within the statutory definition was offered in either the petition for the injunction or at the subsequent hearing at which the parties testified. Accordingly, the trial court erred in entering the injunction, and we reverse. See Russell ex rel. Russell v. Hogan ex rel. Hogan, 738 So.2d 1003 (Fla. 2d DCA 1999) (reversing entry of injunction for protection against repeat violence because only testimony was of one act of violence); Johnson v. Brooks, 567 So.2d 34 (Fla. 1st DCA 1990) (reversing entry of injunction for protection against repeat violence because appellee had failed to demonstrate violence as required and defined by statute).
MINER, WOLF and PADOVANO, JJ., CONCUR.