776 So.2d 1039 (2001)
Brian McMATH, Appellant,
v.
Cathy BIERNACKI, Appellee.
No. 1D99-3670.
District Court of Appeal of Florida, First District.
February 2, 2001.
*1040 Scott A. Snavely of Bajoczk & Fournier, Tallahassee, Attorney for Appellant.
Cathy Biernacki, pro se.
PER CURIAM.
Brian McMath, the appellant, seeks review of a Final Judgment of Injunction for Protection Against Repeat Violence. As the record contains no evidence of repeat violence to justify the trial court's issuance of an injunction, we reverse.
Section 784.046, Florida Statutes (1999), authorizes an injunction for protection for victims of repeat violence. The statute defines repeat violence as "two incidents of violence or stalking committed by the respondent, one of which must have been within 6 months of the filing of the petition." See § 784.046(1)(b), Fla. Stat. (1999). Violence means "any assault, battery, sexual battery, or stalking by a person against any other person." See § 784.046(1)(a), Fla.Stat. (1999). Section 784.048(2), Florida Statutes (1999), provides that anyone who "willfully, maliciously, and repeatedly follows or harasses another person" commits the crime of stalking. The term "harass" is defined as a series of acts over a period of time "directed at a specific person that causes substantial emotional distress in such person and serves no legitimate purpose." See § 784.048(1)(a), Fla.Stat. (1999). For determining whether an incident creates substantial emotional distress, courts must use a reasonable person standard, not a subjective standard. See Bouters v. State, 659 So.2d 235, 238 (Fla.1995).
The two incidents cited by the appellee in her petition for injunction do not meet the statutory definition of repeat violence. She lists the receipt of a letter from the appellant as one incident occurring within six months of her petition. The second incident is her report to a police officer that, on several occasions, the appellant sent her flowers and balloons. These incidents do not show that the appellee had a well-founded fear that violence was imminent. See Johnson v. Brooks, 567 So.2d 34 (Fla. 1st DCA 1990). The appellee admits that the appellant never threatened her. Additionally, neither of these incidents involved an assault, battery, or sexual battery; therefore, the incidents must meet the definition of stalking to qualify as repeat violence.
The record is devoid of any evidence that the incidents constituted stalking. No evidence exists in the record that a reasonable person would suffer substantial emotional distress from these incidents. The record reveals that the appellee does not feel comfortable around the *1041 appellant. In response to why the appellee was afraid of the appellant, the appellee stated that the appellant did not understand her and had made several attempts to talk to her. While these attempts may cause subjective distress to the appellee, there is no competent, substantial evidence that the attempts to talk to the appellee would cause a reasonable person to suffer any emotional distress.
Thus, no statutory basis exists for granting injunctive relief based on the incidents cited in the appellee's petition. No competent, substantial evidence exists that the appellee suffered repeat acts of violence. See Anderson v. McGuffey ex rel. McGuffey, 746 So.2d 1257 (Fla. 1st DCA 2000) (holding that statutory elements not met where no evidence of repeat violence exists); Russell ex rel. Russell v. Hogan ex rel. Hogan, 738 So.2d 1003 (Fla. 2d DCA 1999); Johnson, 567 So.2d at 35. Accordingly, we reverse the trial court's final judgment imposing an injunction against repeat violence.
REVERSED.
KAHN, BROWNING, and LEWIS, JJ., concur.