CASANUEVA, Judge.
Candice Edmundson successfully petitioned for and obtained an injunction against repeat violence directed toward Roger Long after Mr. Long, her landlord, threatened her for having a large dog in her rented duplex. Because the petition did not allege nor did the record reflect that Mr. Long committed two acts of violence or stalking as required by section 784.046, Florida Statutes (1999), we reverse.
Section 784.046(l)(b) provides that a person may obtain an injunction for protection in cases involving repeat violence, which is defined as two incidents of violence or stalking directed against the petitioner by the respondent. Violence includes assault, battery, stalking, and sexual battery. § 784.046(l)(a); see Russell v. Hogan, 738 So.2d 1003 (Fla. 2d DCA 1999).
Ms. Edmundson’s petition asserted that two incidents qualified for entry of the repeat violence injunction. First, on June 20, 2000, Mr. Long allegedly called and left a message on the answering machine stating, “You are in violation of the rental agreement because of your dog. If you are not out by June 30th, I will take care of you and your dog.” The second event took place on June 23, 2000, when Ms. Edmundson saw Mr. Long walking around the corner of her duplex. “He was tossing a gun back and forth in his hands.” Her 90-pound dog approached Mr. Long “in a friendly way.” Lastly, the petition asserted that Mr. Long threatened to shoot her dog and then “walked towards me pointing the gun” and “waving it around at me. He then pushed me through the back door pushing me down.”
On this petition the court declined to issue an ex parte temporary injunction. As outlined in Florida Family Law Rule of Procedure 12.610(c)(1)(A), “For the injunction to be issued ex parte, it must appear to the court that an immediate and present danger of domestic or repeat violence exists.” Rather, the court held a hearing at the conclusion of which it issued the permanent injunction Mr. Long now challenges.
At the hearing Ms. Edmundson testified that the incident involving the answering machine did not cause her any fear. In fact, believing the taped message was unimportant, she did not bring it to the hearing. As in Johnson v. Brooks, 567 So.2d 34, 35 (Fla. 1st DCA 1990), a repeat vio *367 lence case that also involved threatening phone calls, there was no proof of an assault because “the record fails to show that appellant did any act which created a well-founded fear in appellee that violence was imminent .... [T]here must be some overt act sufficient to demonstrate a threat directed at the person placed in fear.”
Although the incident at the duplex in which Mr. Long waved a gun around and pushed Ms. Edmundson is sufficient to constitute an act of violence, it is the only qualifying act of violence either alleged in the petition or proved at the hearing. Thus, there was a total failure of proof that this was a repeat violence situation. See Anderson v. McGuffey, 746 So.2d 1257, 1258 (Fla. 1st DCA 2000) (citing Russell, 738 So.2d at 1003). Because the trial court erred in entering the injunction, we reverse.
FULMER and NORTHCUTT, JJ., Concur.