NORTHCUTT, Judge.
On Alicia Hoeft’s petition, the circuit court issued a permanent injunction against repeat violence by the paternal grandmother of Hoeft’s child, Shirley Porter. We reverse.
According to Hoeft’s petition, the parties have experienced substantial difficulty when they meet to pass the child for visitation. Hoeft alleged two incidents of violence by Porter, one of which allegedly *52 occurred within six months of the petition. See § 784.046, Fla. Stat. (2006) (authorizing protective injunction when respondent has directed two incidents of violence towards the petitioner and one incident occurred within six months of the petition). When there is an immediate and present danger of violence, a court may enter an ex parte temporary injunction based solely on the allegations in the verified pleading. § 784.046(6). But the court must then conduct a full evidentiary hearing before it may enter a final injunction. § 784.046(6)(c); see Brand v. Elliott ex rel. Elliott, 610 So.2d 37 (Fla. 5th DCA 1992) (stating that full hearing contemplates opportunity to be heard and present evidence).
At the hearing in this case, Porter testified about the most recent episode that had been described in the petition, and she disputed Hoeft’s allegation that she was the aggressor. But Porter was not allowed to call other witnesses. Rather, the circuit court questioned Hoeft very briefly, without asking about the alleged incidents of violence. Then it abruptly announced that the injunction was granted based on the petition’s allegations and the court’s credibility determination.
Given the summary manner in which the court conducted the hearing, it is not surprising that the record lacks competent, substantial evidence showing the grounds required for the injunction. For this reason, we are compelled to reverse. See Russell ex rel. Russell v. Hogan ex rel. Hogan, 738 So.2d 1003 (Fla. 2d DCA 1999). Moreover, even if sufficient evidence had been introduced, we would still find it necessary to reverse because the circuit court erred in refusing to hear testimony from Porter’s witnesses. See Brand, 610 So.2d at 38 (reversing final injunction because circuit court had refused to consider respondent’s evidence).
Reversed and remanded for new hearing.
ALTENBERND and VILLANTI, JJ„ Concur.