989 So.2d 667 (2008)
Brian WEISZ and Deborah Weisz o/b/o Nicholas WEISZ, Appellants,
v.
Stephen CLAIR, Appellee.
No. 4D07-4734.
District Court of Appeal of Florida, Fourth District.
July 23, 2008.
Rehearing Denied September 16, 2008.
John P. Kelly of The Kelly Law Firm, Fort Lauderdale, for appellants.
No appearance for appellee.
MAY, J.
The parents of a minor child appeal an Injunction for Protection Against Repeat Violence entered against the child and in favor of the petitioner.[1] They argue that the evidence does not support the entry of an injunction. We disagree and affirm.
On October 15, 2007, the petitioner and his domestic partner filed Petitions for Injunction for Protection Against Repeat Violence against their neighbors, a minor child and his parents.[2] The petition alleged that the minor child was homophobic and yelled obscenities at them, called them derogatory names, and threatened them. The minor child boasted about semi-automatic weapons in his father's possession. The petition specifically alleged that on October 14, 2007, the minor child had threatened to murder them. They feared for their lives and the safety of their pets and belongings. Under the "additional information" section of the petition, the petitioner indicated that the father had semi-automatic *668 firearms; the petitioners had reported past violence to the Broward Sheriff's Office; and the minor child was over six feet tall and weighed 200 pounds.
At the hearing the petitioner appeared pro se, and the respondents were represented by counsel. The petitioner informed the court that he and his domestic partner had been neighbors of the respondents for eight years. The petitioner told the court that for six of those years, the minor child had been gay-bashing them.
Three years ago, the minor child was given a motorized scooter, which he began riding back and forth in front of the petitioner's house when the windows were open, revving the motor to provoke them. The petitioner called law enforcement, and found out that the scooter was not street legal. After a reprimand from his parents, the minor child continued to ride the scooter, but would turn the motor off and walk the scooter by the petitioner's house.
Approximately three weeks before the hearing, the petitioner was unloading groceries from the car when the minor child looked at him and in a confrontational manner said, "Rum, rum, rum, rum, rum, rum, rum." The petitioner further testified that every time he is in his yard, the minor child shouted derogatory comments.[3] His domestic partner had talked to the parents about the problem, but the father told him that they were getting what they deserved for having called the police about the scooter.
Two weeks prior to the hearing the petitioner and his partner were driving around the neighborhood while their house was being shown by a realtor. As they drove around, they encountered the minor child with a group of friends several times. The petitioner surmised that the children, feeling threatened, eventually solicited the aid of a parent. Upon returning to their own street, the petitioner and his partner found it blocked by the group of children, so they stopped the vehicle, rolled down a window, and the parent told them to leave the children alone.
At that point, the minor child came up to the vehicle and said, "Get out of the car. I'm going to light you up, m____ f____." The parent told the minor child to shut up, but the minor child approached the vehicle a second time and said, "Get out of the car, m ___ f faggot. I'm going to light you up." The parent again attempted to push the minor child back, but the minor child approached the vehicle a third time. This time, he yelled another obscenity and said "I'm going to murder you." After everyone separated, law enforcement was called.
The petitioner explained that he and his partner have been living in fear. They have not been able to walk in the neighborhood, walk their dogs or ride a bike. They sleep with a fire extinguisher on one side of the bed and a gun on the other due to the threats. The petitioner claimed to have lost 14 pounds since the incident, was taking psychotropic drugs and undergoing counseling. The petitioner's testimony was unrefuted.
The trial court found that the petitioner was a victim of repeat violence and entered the injunction against the minor child.
On appeal, the parents on behalf of the minor child argue that the entry of final judgment for protection against repeat violence was improper because it was not supported by competent, substantial evidence of two instances of violence. They argue that the evidence merely shows a single confrontation during which there were insufficient facts to prove an assault. While we agree that the evidence *669 does not support an assault, the applicable statute provides an alternative basis for entry of the injunction.[4]See § 784.046(1)(b), Fla. Stat. (2007).
The statute authorizing injunctive relief to victims of repeat violence provides in part:
(b) "Repeat violence" means two incidents of violence or stalking committed by the respondent, one of which must have been within 6 months of the filing of the petition, which are directed against the petitioner....
§ 784.046(1)(a)-(b) (emphasis added). While the incident of October 14, 2007, did not establish an assault under 784.011, the definition of repeat violence in section 784.046 includes stalking. Here, there was competent, substantial evidence of stalking.
"Any person who willfully, maliciously, and repeatedly follows, harasses, or cyberstalks another person commits the offense of stalking...." § 784.048(2). Harrass "means to engage in a course of conduct directed at a specific person that causes substantial emotional distress in such person and serves no legitimate purpose." § 784.048(1)(a). A course of conduct "means a pattern of conduct composed of a series of acts over a period of time, however short, evidencing a continuity of purpose...." § 784.048(1)(b).
Here, the petitioner testified to multiple occasions where the minor child shouted obscenities at the petitioner and his domestic partner, threatened to "light them up," and ultimately threatened to murder them. The petitioner further testified that he is unable to walk or bike through the neighborhood. He sleeps with a gun and a fire extinguisher next to the bed. He takes medication and attends counseling to cope with the stress caused by these repeated incidents. Thus, the record reflects competent, substantial evidence of a pattern of conduct composed of a series of acts over a period of time, directed at a specific person such that it "cause[d] substantial emotional distress in such person and serve[d] no legitimate purpose." § 784.048(1)(a)-(b). In other words, the evidence satisfies the elements of stalking, which is sufficient to warrant the entry of the injunction.
Affirmed.
STEVENSON and GROSS, JJ., concur.
NOTES
[1] The trial court denied the petition as it related to the minor child's parents.
[2] The injunction issued in favor of the petitioner's domestic partner is the subject of a separate appeal.
[3] The derogatory comments were: "You queer." "Faggot." "You sick faggot."
[4] To support an injunction against repeat violence, each incident of violence must be proven by competent, substantial evidence. See Sorin v. Cole, 929 So.2d 1092, 1094 (Fla. 4th DCA 2006).