IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

SHERRY CORRIE,

       Appellant,

v.

DAVID LEE KEUL,

       Appellee.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D14-1146

Opinion filed March 16, 2015.

An appeal from the Circuit Court for Duval County.
Elizabeth A. Senterfitt, Judge.

Diana L. Johnson of Johnson & Lufrano, P.A., Jacksonville, for Appellant.

Robert C. Davis, Jacksonville, for Appellee.

PER CURIAM.

    ON MOTION FOR REHEARING AND REHEARING EN BANC

We grant Appellant's motion for rehearing, withdraw our prior opinion, and substitute this opinion in its place. We deny Appellant's motion for rehearing en banc.

Appellant, Sherry Corrie, appeals the trial court's Amended Final Judgment of Injunction for Protection Against Repeat Violence (After Notice), arguing that the injunction is not supported by competent, substantial evidence.[1] For the reasons that follow, we agree with Appellant's argument and reverse the injunction.

In his Petition for Injunction for Protection Against Repeat Violence, Appellee, David Lee Keul, alleged that Appellant lived within 500 feet of his house and had "anger issues with [him], [his] wife and [his] dog." He further alleged that Appellant, for the last three years, had been "constantly harassing, verbally abusing, stalking, threatening [him], [his] family and friends." Appellant allegedly threatened to take Appellee's home and have him thrown in jail, and she "says she has a gun." According to Appellee, on February 17, 2014, Appellant approached him while he was working in his yard and "continually screamed and hollered" at him. On August 10, 2014, Appellant allegedly chased Appellee and his dogs down the sidewalk, and on August 21, 2014, Appellant allegedly

---

[1] Although Appellant did not make this argument below, this type of insufficiency of the evidence argument need not be preserved for appeal. See Achurra v. Achurra, 80 So. 3d 1080, 1082 (Fla. 1st DCA 2012) (citing Fla. R. Civ. P. 1.530(e)).

2

approached Appellee on his driveway about his car being parked on the street and would not leave when Appellee asked her to do so. Appellant also allegedly took pictures of people who went to Appellee's home. In the section of the injunction petition asking whether the respondent owns or is known to have guns, Appellee wrote, "Her comment it hold 1 in the chamber and 8 more." The trial court entered a temporary injunction for protection against repeat violence. During the subsequent hearing, Appellant provided testimony about what she claimed was Appellee's harassing behavior. After Appellant called three other witnesses, the trial court asked Appellee whether he had any witnesses. After responding "Yes . . . . [My wife] also has video of [Appellant] over here screaming on the sidewalk at . . . me and my wife when we are sitting on our porch," the trial court stated, "All right. I am going to enter the injunction." The trial court then entered an Amended Final Judgment of Injunction for Protection Against Repeat Violence (After Notice). This appeal followed.

An injunction entered pursuant to section 784.046, Florida Statutes, must be supported by competent, substantial evidence. Power v. Boyle, 60 So. 3d 496, 498 (Fla. 1st DCA 2011); see also Goudy v. Duquette, 112 So. 3d 716, 717 (Fla. 2d DCA 2013) (noting that to support an injunction against repeat violence, each incident of violence must be proven by competent, substantial evidence). The term "violence" is defined as "any assault, aggravated assault, battery, aggravated

3

battery, sexual assault, sexual battery, stalking, aggravated stalking, kidnapping, or false imprisonment, or any criminal offense resulting in physical injury or death, by a person against any other person." § 784.046(1)(a), Fla. Stat. The term "repeat violence" means "two incidents of violence or stalking committed by the respondent, one of which must have been within 6 months of the filing of the petition, which are directed against the petitioner or the petitioner's immediate family member." § 784.046(1)(b), Fla. Stat. An "assault" is "an intentional, unlawful threat by word or act to do violence to the person of another, coupled with an apparent ability to do so, and doing some act which creates a well-founded fear in such other person that such violence is imminent." § 784.011(1), Fla. Stat. The "offense of battery" occurs when a person "[a]ctually and intentionally touches or strikes another person against the will of the other" or "[i]ntentionally causes bodily harm to another person." § 784.03(1)(a), Fla. Stat. Stalking occurs when a person "willfully, maliciously, and repeatedly follows, harasses, or cyberstalks another person." § 784.048(2), Fla. Stat. "Harass" means "to engage in a course of conduct directed at a specific person which causes substantial emotional distress to that person and serves no legitimate purpose." § 784.048(1)(a), Fla. Stat.

Turning to the case at issue, the allegations made in support of the injunction included Appellant's alleged anger issues and threats of taking Appellee's home

and having him thrown in jail, her act of screaming at Appellee, her act of chasing Appellee and his dogs down the sidewalk on one occasion, and her statement that "it hold 1 in the chamber and 8 more." Appellee presented no evidence at the hearing other than stating that his wife had video of Appellant screaming at the two of them while they were sitting on their porch. As Appellant argues on appeal, and as this Court has explained, "'Mere shouting and obscene hand gestures, without an overt act that places the victim in fear, does not constitute the type of violence required for an injunction.'" Russell v. Doughty, 28 So. 3d 169, 170 (Fla. 1st DCA 2010) (citation omitted). It has also been held that "[e]ven a representation that the offender owns a gun and is not afraid of using it is insufficient to support an injunction absent an overt act indicating an ability to carry out the threat or justifying a belief that violence is imminent." Sorin v. Cole, 929 So. 2d 1092, 1094 (Fla. 4th DCA 2006). There was no allegation or evidence in this case of an overt act on Appellant's part that indicated an ability to carry out any of her threats or that justified a belief that violence was imminent.

Moreover, we reject Appellee's argument that his allegations and the testimony presented at the hearing showed that Appellant engaged in stalking and harassment. Here, unlike the situation in Goosen v. Walker, 714 So. 2d 1149, 1150 (Fla. 4th DCA 1998), where the testimony showed that the appellant videotaped the appellees on two to four occasions during the preceding four

5

months when the appellees were in their own yard or the adjoining area and where the Fourth District found that the conduct constituted stalking, this case presents only a general allegation without any supporting testimony that Appellant took pictures of Appellee's guests. While Appellee also argues that there are certain threatening and violent situations between neighbors where courts have no choice but to enter an injunction, this case does not present one of those situations. See Banks v. McFarland, 148 So. 3d 162, 162 (Fla. 1st DCA 2014) (reversing the temporary injunction for repeat violence entered against the appellant because the appellant's statements to the appellee, his neighbor, that "I will shoot and kill all of you" and "I'll F you up" in addition to making other ugly remarks and taunts and engaging in intrusive behavior did not constitute repeat violence where there was no showing of an overt act); Power, 60 So. 3d at 497 (reversing the injunctions entered against the appellants and concluding that the evidence of several disagreements between the parties, who were neighbors, obscenities yelled by one of the appellants, and one of the appellants allowing her dog to urinate on the appellees' garage door and writing profane and inappropriate notes on mail that was delivered to the appellees' residence did not constitute violence).

Accordingly, we reverse the Amended Final Judgment of Injunction for Protection Against Repeat Violence (After Notice).

REVERSED.

LEWIS, C.J., WOLF and ROBERTS, JJ., CONCUR.