PER CURIAM.
Katelynn Austin appeals from the circuit court’s order denying her petition for injunction for protection against repeat violence against Joshua Echemendia. On appeal, Austin argues that she presented sufficient evidence to warrant an injunction, and that the circuit court overlooked the fact that the definition of “violence” under section 784.046, Florida Statutes (2016), includes stalking. We agree and reverse.

The Evidentiary Hearing

Austin filed a petition for injunction against repeat violence pursuant to section 784.046(2), Florida Statutes (2015) on October 9, 2015. After denying a temporary injunction, the circuit court set the petition for an evidentiary hearing. Echemendia received notice of the hearing, but did not attend. At the hearing, Austin testified to the following events.
In February 2015, Echemendia began choking Austin, leaving marks around her *1059 neck. He later choked her multiple times that evening, and-'threatened to kill her.
In March 2015⅛ Echemendia choked Austin in front of his parents’ house, again leaving marks around her neck, and making her feel almost as if she was going to pass out. He also threw her to the ground. - ‘
In August 2015; Echemendia called Austin 28 times non-stop on 'one occasion and about 30-40 times during the month. He went to Austin’s place of work and left pictures of her house and texted her that he would not leave until she talked to him. He also continued to follow her when she was with her co-workers, and threatened to slash her tires.
In October 2015, Echemendia drove to Austin’s workplace and waited for her in his car from 10:00 pm until 1:00 am. When she left work and got into her car, he blocked her in -with his car and bangéd on her doors, yelling that he was “going to fing kill” her and calling her a “stupid b* * *jj_”
During the hearing, the circuit court twice expressed its belief that the evidence was insufficient to warrant an injunction against repeat violence. Initially, the court had been asking Austin questions itself, and Austin had testified as to threats of violence, incidents of following, repeated calls and texts, but not to any acts of physical violence. The circuit court remarked:
All right. So when this petition was originally filed, Katelynn, you filed it as repeat violence.-
It was reviewed by Judge- Suskauer, and based on what you wrote down he did not find that you -should have a temporary injunction issued. And based upon what you’re telling me today, I don’t find any repeated threats of violence by Joshua. What you’ve described may or may not amount to .stalking but that’s not what you asked us for.
So this petition for repeat violence based on the evidence presented here is denied, If you think you want to pursue this on another basis of filing a petition of stalking then you need to do that. But basically you’re here on the wrong 1 vehicle!
At that point, Austin’s attorney interjected that there were numerous incidents of physical battery, and asked to directly examine Austin. On direct examination, Austin testified, among other things, to the two incidents of choking.
After Austin finished testifying, the circuit court again pronounced that the petition was denied based on the evidence, but noted that Austin may have other remedies. Austin appealed.

Discussion

“To support an injunction against repeat violence, each incident of violence must be proven by competent, substantial evidence.” Weisz ex rel Weisz v. Clair, 989 So.2d 667, 669 n. 4 (Fla. 4th DCA 2008). “When evaluating whether competent, substantial evidence supports a trial court’s ruling, ‘[l]egal sufficiency ... as opposed to evidentiary weight, is the appropriate concern of an appellate tribunal.’ ” Brilhart v. Brilhart ex rel S.L.B., 116 So.3d 617, 619 (Fla. 2d DCA 2013) (alterations in original) (quoting Tibbs v. State, 397 So.2d 1120, 1123 (Fla.1981)). The interpretation of a statute is reviewed de novo. See Lukacs v. Luton, 982 So.2d 1217, 1218 (Fla. 1st DCA 2008) (citation omitted).
Section 784.046(2), .-Florida Statutes (2015), “create[s] a cause of, action for an injunction for- protection in cases of repeat violence.” “Repeat violence” is defined as “two incidents, of violence or stalking committed by the respondent, one of which *1060 must have been within 6 months of the filing of the petition, which are directed against the petitioner or the petitioner’s immediate family member.” § 784.046(l)(b), Fla. Stat. (2015) (emphasis added). “Violence” is defined- as “any assault, aggravated assault, battery, aggravated battery, sexual assault, sexual battery, stalking, aggravated stalking, kidnapping, or false imprisonment, or any criminal offense resulting in physical injury or death, by a person against any other person.” § 784.046(l)(a), Fla. Stat. (2015). “Stalking” is defined as “willfully, maliciously, and repeatedly followfing], harassing], or cyberstalk[ing] another person.” § 784.048(2), Fla. Stat. (2015).
Here, Austin clearly established two incidents of violence under the “battery” component of the statute: the February 2015 and the- March 2015 choking incidents. Austin argues that the August 2015 and October 2015 incidents — both of which occurred in the six months prior to her petition — amounts to “stalking” under section 784.046(l)(b) such that she presented sufficient evidence to warrant the injunction.
In support of her position, Austin cites to Goosen v. Walker, 714 So.2d 1149 (Fla. 4th DCA 1998), and Weisz, 989 So.2d 667. In Goosen, this court concluded that the appellee’s conduct in videotaping his neighbors on two to four occasions during the preceding four months constituted stalking.' 714 So.2d at 1150.
In Weisz, this court held that there was sufficient evidence of stalking where a minor had been “gay-bashing” the petitioner and his partner for six years, culminating in an incident where the minor approached the petitioner’s car, yelling at him to get out, that he was going to “light [him] up,” and that he was “going to murder [him].” 989 So.2d at 668-69.
Cases in which courts have found the evidence' insufficient to support a repeat violence injunction have -involved less egregious conduct and are distinguishable from the instant case. See, e.g., Ravitch v. Whelan, 851 So.2d 271, 273 . (Fla. 5th DCA 2003) (evidence of emails, voicemails, and phone conversations which were not threatening, hostile or abusive, and incidents of both parties dining at the same restaurant where the respondent never approached petitioner and petitioner did not testify that she was placed , in fear did not amount to repeat violence); Corrie v. Keul, 160 So.3d 97, 98 (Fla. 1st DCA 2015) (evidence that respondent yelled threats regarding possessing a gun and taking petitioner’s home, chased petitioner’s dogs, and took pictures of petitioner’s guests was insufficient to support injunction); Power v. Boyle, 60 So.3d 496, 497-99 (Fla. 1st DCA 2011) (evidence of several disagreements between the parties, and of respondent yelling obscenities, allowing dog to urinate on the petitioner’s garage door, and writing profane and inappropriate notes pn petitioner’s mail was insufficient); McMath v. Biemacki, 776 So.2d 1039, 1040-41 (Fla. 1st DCA 2001) (evidence that petitioner received letter from respondent and previously had repeatedly received flowers and balloons from him, without more, did not amount to stalking).
Here, Austin testified that Eche-mendia showed up at her home and her place of work in August and October 2015. In August, he also called her repeatedly, sent her pictures of her house and threatened not to leave until she spoke to him, and followed her when she was with her coworkers. In October, he again followed her to her workplace, waited for her for hours, and then prevented her from driving her car away by blocking her vehicle, while banging on her doors, screaming profanities, and threatening to kill her.
The circuit court indeed appears to have overlooked the fact that stalking can con *1061 stitute an act of “repeat violence” under the statute. The circuit court’s comments that Echemendia’s behavior “may or may not amount to stalking” and that Austin chose the “wrong vehicle” and may have other remedies supports this conclusion.
The circuit court was not at liberty to disregard Austin’s testimony. No other witnesses contradicted her testimony, and the circuit court did not indicate that it questioned Austin’s credibility. See Rudel v. Rudel, 111 So.3d 285, 291 (Fla. 4th DCA 2013) (“[W]here the testimony on the pivotal issues of fact is not contradicted or impeached in any respect, and no conflicting ' evidence is introduced, these statements of fact can not be wholly disregarded or arbitrarily rejected. Rather, the testimony should be accepted as proof of the issue for which it is tendered, even though given by an interested party ....”) (quoting Duncanson v. Serv. First, Inc., 157 So.2d 696, 699 (Fla. 3d DCA 1963)).
Austin thus presented competent, substantial evidence of repeat, violence.. Accordingly, we reverse for . entry of an injunction for protection against repeat violence against Echemendia. The trial court shall issue the injunction for an indefinite, period of time.

Reversed with instructions.

CIKLIN, C.J., GERBER and-LEVINE, JJ., concur.