# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D18-3637
_____

TYLER SUMNERS,

    Appellant,

    v.

LINDSEY THOMPSON,

    Appellee.

_____

On appeal from the Circuit Court for Leon County.
J. Lee Marsh, Judge.

May 13, 2019

ROWE, J.

Tyler Sumners appeals a final judgment of injunction for protection against dating violence entered against him in favor of Lindsey Thompson. We reverse because the evidence was legally insufficient to show that Thompson had an objectively reasonable fear of imminent harm from Sumners.

After meeting on Craigslist, Thompson and Sumners were in an on-again-off-again sexual relationship for about four years. Their sexual relationship would pause temporarily when one of the two dated someone else. In July 2018, Thompson broke off the relationship with Sumners. For two weeks after the breakup, Sumners texted Thompson, called her, left unpleasant voice messages, and contacted Thompson on social media. Thompson

tried to block Sumners from contacting her by text or social media, but Sumners persisted in his efforts to reach her.  One time, he showed up at her home unannounced and refused to leave until she threatened to call the police.  Based on Sumners' conduct, Thompson sought an injunction against dating violence.

Thompson testified at the injunction hearing that Sumners never verbally threatened her in any of his communications, nor did he physically threaten her.  But she was worried that he might harm her.  Sumners testified that he continued to contact Thompson because he wanted to understand the reason for the breakup.  After Thompson sought the injunction, Sumners did not contact her again, and he testified that he had no desire to do so.  The trial court granted a one-year injunction for protection against dating violence.  Sumners appeals, arguing that the injunction was not supported by competent, substantial evidence.  He asserts that the evidence did not show that he and Thompson were in a dating relationship or that Thompson had an objectively reasonable fear of imminent harm from Sumners.

We review a final judgment of injunction for "a clear abuse of discretion." *See Pickett v. Copeland*, 236 So. 3d 1142, 1146 (Fla. 1st DCA 2018).  But we review de novo whether the evidence was legally sufficient to support the issuance of the injunction.  *Id*. at 1144.

Section 784.046(2)(b), Florida Statutes (2018), authorizes a court to issue an injunction against dating violence when

> [a]ny person who is the victim of dating violence and has reasonable cause to believe he or she is in imminent danger of becoming the victim of another act of dating violence, or any person who has reasonable cause to believe he or she is in imminent danger of becoming the victim of an act of dating violence.

"Dating violence" means "violence between individuals who have or have had a continuing and significant relationship of a romantic or intimate nature." § 784.046(1)(d), Fla. Stat. (2018).

2

Sumners argues that Thompson lacked standing to seek an injunction against dating violence because their relationship was casual and not a "dating relationship." Sumners testified that he had never gone anywhere "together" with Thompson. Instead, their relationship was mainly for sex. For this reason, Sumners argues he and Thompson were not dating. We disagree. Under the plain language of the statute, a dating relationship exists when the parties "have or have had a continuing and significant relationship of a romantic or intimate nature." § 784.046(1)(d), Fla. Stat. (2018). Nothing in the statute requires that the parties go out on a date, at least in the traditional sense of a couple going to dinner and a movie. Rather, the statute requires only that the relationship is continuous, significant, and intimate. The evidence of the four-year, intimate sexual relationship between Thompson and Sumners clearly supports a finding of a dating relationship. *See, e.g., Gill v. Gill*, 50 So. 3d 772, 774 (Fla. 2d DCA 2010) (noting that "the trial court must consider the current allegations, the parties' behavior within the relationship, and the history of the relationship as a whole"). Thus, the trial court did not err in so finding.

However, the evidence does not support a finding that Thompson had an objectively reasonable fear that she was in danger of imminent harm from Sumners. § 784.046(2)(b), Fla. Stat. (2018). Thompson never alleged that she had been the victim of dating violence. Instead, she asserted that she believed that Sumners might harm her and that she did not know what he was capable of. Thompson acknowledged that Sumners never verbally threatened her in person or in any text, phone call, or voice message. *Cf. Johnson v. Brooks*, 567 So. 2d 34, 35 (Fla. 1st DCA 1990) (holding that numerous harassing phone calls, some containing threats, could not support trial court's decision to grant injunctive relief). And she admitted that Sumners never acted violently toward her or ever touched her without her consent. Although Thompson testified that she felt threatened the one time Sumners arrived at her home uninvited, she conceded that Sumners was not violent and did not verbally threaten her. She theorized that based on Sumners' pattern of behavior—an unspecified number of contacts over two weeks by text, voice message, and social media, and a one-time unannounced visit to her home—she was "afraid he was going to hurt me next."

3

We hold that the evidence offered by Thompson is too conclusory and vague to support the issuance of an injunction for dating violence.  *See Corrie v. Keul*, 160 So. 3d 97, 99 (Fla. 1st DCA 2015) (reversing injunction when there was no allegation or evidence of an overt act that showed respondent had the ability to carry out threats or that justified a belief that violence was imminent); *Alderman v. Thomas*, 141 So. 3d 668, 670-71 (Fla. 2d DCA 2014) (reversing injunction where petitioner's testimony "that she feels 'insecure and unsafe with' [respondent] and that he scares her" was "conclusory and vague").  Evidence of a single visit by Sumners to Thompson's home, coupled with Sumners' efforts to contact Thompson by text, voice message, and social media, was legally insufficient to create an objectively reasonable fear that Thompson was in imminent danger of harm from Sumners.  *See, e.g., C.S., ex rel. D.A.S. v. T.S.P., ex rel. A.M.P.*, 82 So. 3d 1132, 1133-34 (Fla. 2d DCA 2012) (reversing stalking injunction where, although petitioner "felt as if she was being stalked" when respondent showed up uninvited one time at her house, there was no evidence of any threat or act of physical violence).  We therefore REVERSE the final judgment of injunction for protection against dating violence and VACATE the injunction.

KELSEY, J., concurs; BILBREY, J., concurring with opinion.

---

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

---

BILBREY, J., concurring.

I fully concur in the majority opinion.  I write separately to point out that while the proof necessary to obtain an injunction against dating violence under section 784.046(2)(b), Florida Statutes (2018), requires the petitioner to establish the "imminent danger of becoming the victim" of an act or a subsequent act of dating violence, the prospect of a future act is not required to prove an injunction against repeat violence under section 784.046(2)(a)

or against sexual violence under section 784.046(2)(c). Such proof is also not required for an injunction against stalking under section 784.0485, Florida Statues (2018). Additionally, a petitioner being in imminent danger of a future act of domestic violence is but one way to prove an injunction against domestic violence under section 741.30, Florida Statutes (2018). Since all of these various injunctions for protection arise from statutes, the proof necessary under the applicable statute must be carefully considered in assessing whether a particular cause of action has been established.

_____

Trudy E. Innes Richardson of Trudy Innes Richardson, PLLC, Tallahassee, for Appellant.

M.B. Adelson of Law Offices of M.B. Adelson IV, P.A., Tallahassee, for Appellee.