# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D18-4587

_____

GREGG SHANNON,

    Appellant,

    v.

CHRISTOPHER SMITH, and OBO
CHARLES C. SMITH, a minor,

    Appellees.

_____

On appeal from the Circuit Court for Walton County.
Kelvin C. Wells, Judge.

July 23, 2019

PER CURIAM.

Appellant, Gregg Shannon, appeals a permanent injunction for protection against stalking that was entered against him. Appellant argues, and we agree, that the trial court's determination that he stalked Appellee, Christopher Smith, his neighbor, is not supported by competent, substantial evidence. We, therefore, reverse the injunction.

In his September 2018 petition for a stalking injunction, Appellee relied upon a May 2017 incident in which Appellant allegedly stole signs from the neighborhood, a May 2017 "blow me" email sent to him from Appellant, a July 2017 incident in which Appellant allegedly put flyers in Appellee's "flyer box," a July 2017

sign stealing incident, a November 2017 sign throwing incident, a January 2018 incident in which Appellant allegedly yelled at other neighbors, a January 2018 incident in which Appellant allegedly chased Appellee, who was riding his bike, and yelled profanities at him, a February 2018 email in which Appellant allegedly threatened Appellee about his "TV job" and mentioned Appellee's "morals clause" with his employer, a July 2018 email sent to Appellee's employer, and an August 2018 incident at the homeowner's association ("HOA") meeting that, according to a police report, involved a verbal altercation between Appellant and Appellee.

In setting the matter for a hearing, the trial court found that the petition did not set forth a sufficient factual basis upon which it could enter a temporary injunction. During the subsequent hearing, the trial court asked Appellee how Appellant had stalked or cyberstalked him. Appellee testified about Appellant stealing, throwing, and damaging signs in the neighborhood that pertained to a lawsuit that some neighbors, including Appellee, were involved in against a home builder, and about Appellant chasing him down the street while yelling profanities. Appellee acknowledged that the email to his employer that he relied upon in his petition was sent from an anonymous Gmail account and that it was possible that another neighbor who opposed the lawsuit could have sent it. A video was played of the HOA meeting during which Appellant and Appellee had a verbal altercation. A second video was also played of an encounter Appellant had with another neighbor elsewhere in the neighborhood. After the trial court asked Appellant whether the language he used at the HOA meeting was an appropriate or nice thing to do, in response to which Appellant acknowledged it was not, the trial court stated, "Well, it may not arise to a criminal; however, based upon the videos I have seen, they were aggressive in nature and the Court is going to enter an order of injunction prohibiting [Appellant] from having any contact with [Appellee] or his family." This appeal followed.

In 2012, the Legislature created a cause of action for an injunction for protection against stalking. *See* § 784.0485(1), Fla. Stat. (2012). "Stalking" is defined as "willfully, maliciously, and repeatedly follow[ing], harass[ing], or cyberstalk[ing] another

person." § 784.048(2), Fla. Stat. (2018). "Harass" means "to engage in a course of conduct directed at a specific person which causes substantial emotional distress to that person and serves no legitimate purpose." § 784.048(1)(a), Fla. Stat. (2018). "Course of conduct" means "a pattern of conduct composed of a series of acts over a period of time, however short, which evidences a continuity of purpose." § 784.048(1)(b), Fla. Stat. (2018). "Cyberstalk" means to "engage in a course of conduct to communicate, or to cause to be communicated, words, images, or language by or through the use of electronic mail or electronic communication, directed at a specific person, causing substantial emotional distress to that person and serving no legitimate purpose." § 784.048(1)(d), Fla. Stat. (2018).

To be entitled to an injunction under section 784.0485, a petitioner must prove by competent, substantial evidence a single incident of stalking. *Pickett v. Copeland*, 236 So. 3d 1142, 1145 (Fla. 1st DCA 2018); *see also Paulson v. Rankart*, 251 So. 3d 986, 989 (Fla. 1st DCA 2018). In determining whether an incident causes substantial emotional distress, courts use a reasonable person standard rather than a subjective one. *McMath v. Biernacki*, 776 So. 2d 1039, 1040 (Fla. 1st DCA 2001). While a trial court has broad discretion to grant an injunction, the question of whether the evidence is legally sufficient to justify imposing an injunction is a question of law that is reviewable de novo. *Pickett*, 236 So. 3d at 1143-44.

Based upon the hearing transcript, the trial court entered the stalking injunction because of what it considered to be Appellant's aggressive behavior toward Appellee at the HOA meeting and toward a different neighbor on another occasion. However, whether Appellant was verbally aggressive toward someone other than Appellee has no bearing on whether he stalked Appellee. Moreover, a verbal altercation between two neighbors during an HOA meeting in no way warrants the entry of an injunction against stalking. The same can be said of the other incidents relied upon by Appellee in his petition, some of which Appellee himself described as being petty. As for the July 2018 anonymous email that was sent to Appellee's employer, Appellee acknowledged below that another person could have sent it.

3

In *Corrie v. Keul*, 160 So. 3d 97, 99 (Fla. 1st DCA 2015), this Court, in reversing an injunction against repeat violence, rejected the appellee's argument that his allegations and the testimony presented at the hearing showed that the appellant, his neighbor, engaged in stalking and harassment. The appellee had alleged that the appellant threatened to take his house and have him thrown in jail, screamed at him, chased him and his dog down the sidewalk on one occasion, and told him that "it hold 1 in the chamber and 8 more." *Id.* We explained that while the appellee argued that there are certain threatening and violent situations between neighbors where courts have no choice but to enter an injunction, the case at hand did not present one of those situations. *Id.* This case does not present one of those situations either.

Similarly, in *Power v. Boyle*, 60 So. 3d 496, 499 (Fla. 1st DCA 2011), we reviewed an injunction against repeat violence and determined that although the incidents at issue, which involved neighbors and included yelling obscenities, letting a dog urinate on the other party's garage door, and writing profane and inappropriate notes on mail, were immature and uncivil, they did not constitute violence or stalking. We reasoned that it appeared that the relationship between the parties was more "tit-for-tat than stalker-victim." *Id.* This case can be characterized in the same manner.

In addition, Appellant correctly argues that Appellee provided no testimony that any of Appellant's actions caused him substantial emotional distress. As we have explained, the substantial emotional distress that is necessary to support a stalking injunction is greater than just an ordinary feeling of distress. *Venn v. Fowlkes*, 257 So. 3d 622, 624 (Fla. 1st DCA 2018). While the anonymous email sent to Appellee's employer and Appellant's behavior at the HOA meeting may have frustrated and embarrassed Appellee, and rightfully so, embarrassment does not equate to substantial emotional distress. *See David v. Textor*, 189 So. 3d 871, 875 (Fla. 4th DCA 2016) ("That they [online postings] may be embarrassing to [the appellee] is not at all the same as causing him substantial emotional distress sufficient to obtain an injunction."). Without evidence of this necessary element, the injunction should not have been entered. *See Roach v. Brower*, 180 So. 3d 1142, 1144 (Fla. 2d DCA 2015) (noting that "without

4

competent, substantial evidence that . . . the petitioner, suffered substantial emotional distress, the circuit court could not enter an injunction against [the appellant] based upon the stalking statute"); *see also Klemple v. Gagliano*, 197 So. 3d 1283, 1286 (Fla. 4th DCA 2016) (noting that the appellee did not testify as to any emotional distress caused by arguing with the appellant and reasoning that the stalking statute did not allow the trial court to enter injunctions simply to keep the peace between parties who are unable to get along and behave civilly towards each other); *Jones v. Jackson*, 67 So. 3d 1203, 1203-04 (Fla. 2d DCA 2011) (concluding that the appellant's threatening phone calls and text messages to the appellee, and his statements to third parties suggesting he would do violence to the appellee, would not have caused a reasonable person to suffer substantial emotional distress); *McMath*, 776 So. 2d at 1040-41 ("No evidence exists in the record that a reasonable person would suffer substantial emotional distress from these incidents."). Appellant is also correct that the evidence failed to establish stalking as to Appellee's minor child. Even if the child were present during the HOA meeting and unfortunately heard from Appellant what the trial court described as inappropriate language, that incident would not constitute stalking warranting an injunction.

In conclusion, although we in no way condone any of Appellant's actions or his behavior, we must reverse the injunction for the reasons set forth herein.

REVERSED.

LEWIS, B.L. THOMAS, and ROBERTS, JJ., concur.

———————————————

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

———————————————

Hayward Dykes, Jr., and Casey Jernigan King of Hand Arendall Harrison Sale, Destin, for Appellant.

No appearance for Appellees.