DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**SCOT R. PETERSON,**
Appellant,

v.

**STATE OF FLORIDA** and
**BROWARD SHERIFF'S OFFICE,**
Appellees.

No. 4D2025-1232

[June 17, 2026]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Martin Samuel Fein, Judge; L.T. Case No. 062019CF000716A88810.

David P. Reiner, II, of Reiner & Reiner, P.A., Miami, for appellant.

Alexis Fields of Kopelowitz Ostrow Ferguson Weiselberg Gilbert, Fort Lauderdale, for appellees.

FORST, J.

Appellant Scot Peterson appeals a final order dismissing, with prejudice, his application for reimbursement of attorney's fees and costs under section 111.065, Florida Statutes (2023). Because the statute's plain text imposes mandatory, time-bound conditions precedent that Peterson did not satisfy, we affirm.

## Background

Peterson, a then-Broward Sheriff's Office ("BSO") deputy assigned as a school resource officer at Parkland's Marjory Stoneman Douglas High School, was criminally charged in connection with the February 2018 shooting at the school which took the lives of seventeen students and faculty, with seventeen additional victims injured. A jury acquitted him of all charges on June 29, 2023.

Following his acquittal, Peterson sought reimbursement of his defense fees from his employing agency, BSO, pursuant to section 111.065.

Peterson, pro se, emailed a request for reimbursement to BSO's general counsel on July 28, 2023. The request asserted that "an itemized statement from my criminal defense attorneys will be forthcoming." On August 1, 2023, an attorney emailed BSO's general counsel on Peterson's behalf, but that email did not attach any itemization statement.

On August 2, 2023, BSO's general counsel responded that Peterson's reimbursement request was denied, stating that "because the actions and omissions giving rise to [Peterson]'s criminal charges were a material departure from BSO's written policies and procedures[,] he has failed to meet the statutory conditions precedent requiring reimbursement of attorney's fees and costs."

Peterson delayed in reacting to this August 2, 2023 denial, ultimately filing, pro se, an application for attorney's fees in the trial court on April 8, 2024. The application attached a "draft" itemized statement of criminal defense fees and costs. The trial court denied this application without prejudice "for reasons as stated on the record in open court."

Peterson, through counsel, then initiated a civil action for the reimbursement of legal fees and costs. This claim was dismissed. Peterson returned to the criminal case and filed a renewed application for fees and costs in January 2025. BSO moved to dismiss, arguing Peterson had failed to meet section 111.065's filing deadlines. Following a hearing on the motion, the trial court agreed with BSO and, on March 31, 2025, dismissed Peterson's action with prejudice for failure to comply with subsections 111.065(4)(b)1., (b)2., and (b)3. This appeal follows.

**Analysis**

This case turns on statutory interpretation, which we review de novo. *See Austin v. Echemendia*, 198 So. 3d 1058, 1059 (Fla. 4th DCA 2016). The governing principle applicable to our review is that courts must give effect to the statute's ordinary meaning as conveyed by its text. *See* Antonin Scalia & Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts* 3 (2012) ("In an age when democratically prescribed texts (such as statutes, ordinances, and regulations) are the rule, the judge's principal function is to give those texts their fair meaning.").

Section 111.065(4)(b) establishes mandatory deadlines using the words "shall" and "must." Under the mandatory-permissive canon, these terms impose a binding obligation. Scalia & Garner, *supra*, at 112 ("Mandatory words impose a duty; permissive words grant discretion."). First, "[t]he officer **shall submit** an application for payment of reasonable attorney's

2

fees and costs to the employing agency **no later than 30 days after** termination of the criminal action." § 111.065(4)(b)1., Fla. Stat. (2023) (emphasis added). "The application for reasonable attorney's fees and costs **must include an itemization statement** . . . which states the actual time expended and the rate at which fees and other expenses were computed." § 111.065(4)(b)2., Fla. Stat. (2023) (emphasis added). Peterson's July 28, 2023 email, though otherwise timely, did not include an itemization statement, thus rendering it incomplete and not compliant with section 111.065(4)(b).

Second, section 111.065(4)(b)3. provides that if an agreement is not reached (as was the case here) or if payment is not provided within the specified time, "the officer requesting payment of attorney's fees and costs may submit the application to the court having jurisdiction over the criminal action **within 30 days after** the termination of the criminal action, failure to reach an agreement, or failure to pay the fees or costs, whichever is later." *Id.* (emphasis added). The criminal action was terminated on June 29, 2023, the parties failed to reach an agreement as of BSO's August 2, 2023 rejection email, and that rejection email further indicated a failure (or continuing refusal) to pay the fees or costs. Peterson's initial application to the court was not submitted until April 2024, clearly not "within 30 days after" June 29 or August 2, 2023.

To recap, section 111.065 provides that an officer "shall submit" an application "with an itemization statement" to the employing agency within thirty days after termination of the criminal action, and that any subsequent court application is to be filed "within 30 days after" one of three enumerated events. § 111.065(4)(b)1.–3., Fla. Stat. (2023). The use of "shall" and the precise temporal language reflect a legislative intent to impose strict conditions precedent.

Peterson argues his April 2024 application was submitted within 30 days of the "failure to pay the fees or costs." Section 111.065(4)(b)3. begins: "If the officer and the employing agency do not reach an agreement *or* if payment is not provided within the specified time, the officer requesting payment . . . may submit the application to the court having jurisdiction over the criminal action within 30 days after the [latter of three specified triggering events]." *Id.* (emphasis added). Peterson's argument that the deadline should run from a later, subjective "end of negotiations" finds no support in the statutory text and would impermissibly add a

fourth triggering event.[1]  Courts are not at liberty to supplement statutory schemes in this manner.

## Conclusion

Section 111.065 sets forth a clear, mandatory, and textually precise framework governing claims for reimbursement of attorney's fees by law enforcement officers.  Here, because Peterson failed to (1) timely submit a statutorily compliant application (i.e., an application with an itemization statement) to the employing agency, and (2) timely file his application in the trial court within the applicable thirty-day window, he did not satisfy section 111.065's conditions precedent.  The trial court therefore correctly dismissed his application with prejudice.

*Affirmed.*

LEVINE and SHEPHERD, JJ., concur.

*        *        *

***Not final until disposition of timely-filed motion for rehearing.***

---

[1] Further, Peterson did not present any evidence that any "negotiation" continued beyond BSO's general counsel's August 2, 2023 email rejecting Peterson's fees request.

4